, 86   153
155a  674

JACOB RINGLE and Another, Respondents, *v.* THE WALLIS IRON WORKS, Appellant, Impleaded with Another.

*Findings of fact — not disturbed on appeal — personal judgment on the foreclosure of a mechanic's lien — Laws of 1885, chap. 342, § 15.*

Findings of fact in a plaintiff's favor should not be disturbed where they are not against the weight of evidence or where it cannot be said that the evidence so clearly preponderates in the defendant's favor as to justify with reasonable certainty the conclusion that the trial court has erred.

*Semble,* that in a proceeding taken under the Laws of 1885, chapter 342, relative to mechanics' liens, where the claimant establishes a valid lien he is entitled not only to a judgment against the property, but also against the person primarily liable.

*Semble,* that the provision of section 15 of said act, that when in an action brought under it a claimant fails to establish a valid lien he may still recover judgment in the action for such sum as may appear to be due him and which he might recover in an action upon contract, was not intended to limit this remedy of a personal judgment against the party liable, to those persons only who had failed to establish a valid lien upon the property.

APPEAL by the defendant, The Wallis Iron Works, from a judgment of the Supreme Court in favor of the plaintiff, entered in the

office of the clerk of the county of New York on the 15th day of October, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment contained the following provision :

"It is further ordered, adjudged and decreed that so much of this judgment as is against the said premises and as declares that the said plaintiffs now have a lien and claim against said premises is in form only, and has been directed and is now entered for the purpose of enabling the said plaintiffs to recover upon a certain bond given by the Wallis Iron Works as principal and the American Surety Company of New York as surety, and which was filed in the office of the clerk of the city and county of New York on the 28th day of May, 1892, for the purpose of discharging the said mechanic's lien or claim as against the said real estate as provided by a certain order of the Supreme Court of the State of New York bearing date the 28th day of May, 1892."

*William G. Wilson*, for the appellant.

*E. L. Collier* and *Thomas C. Ennever*, for the respondents.

O'Brien, J.:

In this action, brought for the foreclosure of a mechanic's lien, and resulting in a judgment for the plaintiffs, the grounds, among others, urged for reversal are, that there is no evidence to support the finding that the plaintiffs performed their contract, or that the defendant ever accepted what the plaintiffs did as a full and complete performance thereof, either of which it was essential to prove to entitle the plaintiffs to the judgment.    The plaintiffs were sub-contractors of the Wallis Iron Works under a contract made by the latter with the J. L. Mott Iron Works to do certain work on a boiler house.

As to whether the sub-contractors completed their work there was some evidence tending to show that they completed it in the latter part of November, 1891, one of the plaintiffs testifying : "I saw this work after it was completed ; saw that it was completed." Upon the question of whether it was accepted or not by the Wallis. Iron Works, we have the letters of the latter written to the J. L. Mott Iron Works, in one of which they state that their superintend-

ent visited the works and " the work was all finished and in first-
class condition."   And in answer to the complaint of the J. L. Mott
Iron Works that it was not properly or completely finished, the sec-
ond letter was written by the Wallis Iron Works, in which they
say :   " Upon investigation we find that the trouble is not due to
any neglect on our part, but it is caused by putting the steam pipes
through the roof by other parties after the completion of our work."
These questions of fact, therefore, having been resolved in plaintiffs'
favor, such findings· should not be disturbed where, as here, they
cannot be said to be against the weight of evidence, or that the evi-
dence was so clearly preponderating in defendants' favor as to jus-
tify with reasonable certainty the conclusion that the court below
erred.

The only additional question pressed upon our attention is the
claim that the judgment is erroneous in that it assumes to award
both judgment for the enforcement of a lien and a personal judg-
ment against the Wallis Iron Works.   It is doubtful if the ques-
tion is before us for review, because no exception was taken to the
form of the judgment either at the time of entry or subsequently.
But upon the merits we do not think the contention is good.   The
statute reads : " Whenever, in any action brought under the provis-
ions of this act, any claimant shall fail for any reason to establish a
valid lien, he may, nevertheless, recover therein judgment against
the party or parties to the action for such sum or sums as may
appear to be due to him and which he might recover in an action
upon a contract against the said party or parties."   (Laws of 1885,
chap. 342, § 15.)   The construction sought to be given to this sec-
tion by the appellant is that the only case in which a claimant can
recover such a judgment as he might recover in an action upon a
contract is where he fails to establish a valid lien ; and that where
there is a judgment upholding the lien as valid, no personal judg-
ment can be granted.   Such a construction, we think, is too narrow.
When a claimant establishes a valid lien he is entitled to a judgment
in form commensurate with the relief to which he thus shows him-
self entitled, which not only raises a personal claim against the one
primarily liable, but also against the property upon which the work
has been done.   To some extent the judgment is thus assimilated in
form to a judgment upon the foreclosure of a mortgage, wherein the

right to proceed against the land is accompanied by a judgment against the principal debtor for any deficiency. There is nothing in the section quoted which prevents one establishing a lien from obtaining his full relief, which includes his right to enforce it, not only out of the property against which the lien is filed, but for any deficiency against the person who for the amount thereof is indebted to the claimant. Without discussing this question further, however, we think it has been disposed of in the action between these same parties, decided at the March term of this court. (N. Y. Law Jour., Mar. 22, 1895 ; S. C., 85 Hun, 279.)

We think the judgment was right, and that it should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.