(120 App. Div. 419)

SEARY v. WEGENAAR et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

MECHANICS' LIENS—ENFORCEMENT—PARTIES—DEFICIENCY.

Code Civ. Proc. § 3399, provides that a mechanic's lien on real property may be enforced, not only against such property, but also against a person liable for the debt upon which the lien is founded. Section 3416 provides that a deficiency judgment may be docketed against any person liable therefor who shall be adjudged to pay the same in like manner as in judgments for deficiency in foreclosure cases. *Held*, that in a proceeding to foreclose a mechanic's lien, a person jointly liable with the owner of the premises for the materials furnished, under an agreement to pay for them, was a proper party defendant, and a deficiency judgment might be rendered against him, if the proceeds of the property was not sufficient to satisfy the lien.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens. §§ 471, 628.]

Appeal from Kings County Court.

Action by Christopher F. Seary against J. L. Wegenaar and another. From a judgment sustaining a demurrer of defendant Wegenaar, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

W. H. Kinnear, for appellant.
Addison S. Sanborn, for respondent.

HIRSCHBERG, P. J. This action was brought to foreclose a mechanic's lien filed by the plaintiff upon certain real property in the borough of Brooklyn, belonging to the defendant, Matilda E. Wegenaar. The respondent, J. L. Wegenaar, is joined with her as a defendant, and the complaint alleges that the labor and materials furnished and used in the improvement of the real property in question were furnished under an agreement between the plaintiff and the defendants, by which the defendants bound themselves to pay therefor. The respondent demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The learned county judge sustained the demurrer, on the ground that the respondent was not a proper party defendant under the provisions of section 3402 of the Code of Civil Procedure, and that the only capacity, other than that of a subsequent incumbrancer, in which he could be made a proper party, would be as contractor for the owner or as a guarantor liable for the debt on which the lien is founded.

The respondent is a proper party defendant. By section 3399 of the Code of Civil Procedure, it is provided that a mechanic's lien on real property may be enforced, not only against such property, but also against a person liable for the debt upon which the lien is founded. And by section 3416 it is further provided that a deficiency judgment may be docketed against any person liable therefor who shall be adjudged to pay the same in like manner and with like effect as in judgments for deficiency in foreclosure cases. The complaint herein alleges facts which, if true, render the defendants jointly liable for the debt upon which the plaintiff's lien is founded. The plaintiff's cause of action is not only for the establishment of a valid lien against the property, but also for the enforcement of a personal claim against the defendants as persons primarily liable for the debt. The prayer for relief demands personal judgment against both defendants for whatever deficiency may remain after the application of all moneys arising from a sale of the property, and such relief is justified by the allegations of the complaint. As was said in Ringle v. Wallis Iron Works, 86 Hun, 153, 155, 33 N. Y. Supp. 398, affirmed on opinion below 155 N. Y. 674, 49 N. E. 1103:

"When a claimant establishes a valid lien, he is entitled to a judgment in form commensurate with the relief to which he thus shows himself entitled, which not only raises a personal claim against the one primarily liable, but also against the property upon which the work has been done. To some extent the judgment is thus assimilated in form to a judgment upon the foreclosure of a mortgage, wherein the right to proceed against the land is accompanied by a judgment against the principal debtor for any deficiency. There is nothing in the section quoted [Laws 1885, p. 589, c. 342, § 15] which prevents one establishing a lien from obtaining his full relief, which includes his right to enforce·it, not only out of the property against which the lien is filed, but for any deficiency against the person who for the amount thereof is indebted to the claimant."

In Schenectady Co. v. Schenectady R. Co., 106 App. Div. 336, 94 N. Y. Supp. 401, it was held that, even where the complaint in an action to enforce a mechanic's lien stated facts which were insufficient to sustain an action for foreclosure of a lien, but which were sufficient to justify a personal judgment, the prayer being not in terms for a personal judgment, but for such further judgment as might be necessary, such complaint was good as against a demurrer based upon the ground that no cause of action was stated.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the respondent to answer within 20 days, on payment. All concur.