William H. Pearce, Respondent, v. Lyman J. Knapp and Claudine Knapp, Appellants.

(County Court, Otsego County, March, 1911.)

Mechanics' liens — Foreclosure: Pleading — Complaint: Judgment — Rendition of personal judgment; Form of judgment in action in court not of record.

Municipal Courts: Jurisdiction — City Court of Oneonta: Procedure — Judgments — Form of judgment in action to foreclose lien.

A complaint, in an action to foreclose a mechanic's lien, that fails to set forth the name and residence of the lienor, the time when the first and last items of work were performed and materials furnished, or any facts from which the same might be fairly inferred, is not in substantial compliance with the provisions of the Lien Law and does not give the court jurisdiction to proceed with the action of foreclosure.

In such a case, the City Court of Oneonta, a statutory court of limited jurisdiction, has no power to amend the original complaint annexed to the summons in the particulars mentioned and thereby acquire jurisdiction to render judgment of foreclosure.

Nor can an inferior local court render a judgment directing the sale of the premises against which a lien has been filed like that of a court of record, but it can render only a simple money judgment to be enforced by execution authorizing the sheriff to sell the right, title and interest which the judgment debtor had in the land at the time the lien was filed.

Where the complaint alleged that plaintiff and the husband of the owner, with the knowledge and consent of the latter, rendered the services and furnished the materials for which the claim is made, it states a cause of action against both, and a motion to dismiss as to the husband is properly denied.

A transposition of the dates of the first and last items of labor and materials in the notice of lien is not fatal, where it may be fairly inferred when the first and last items were furnished.

A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action cannot be sustained

simply because the complaint does not demand the precise judgment to which the facts alleged would entitle the plaintiff.

In an action to foreclose a mechanic's lien in a statutory court of limited jurisdiction, under a complaint which prays for the sale of the premises affected by the lien and the application of the proceeds to the payment of plaintiff and for such other relief as may be proper, a personal judgment against the defendants for the amount of the claim may be rendered in a proper case.

APPEAL to the County Court of Otsego county from a judgment of the City Court of Oneonta.

B. W. Hoye, for appellants.

J. F. Thompson, for respondent.

KELLOGG, J. This is an appeal from a judgment of the City Court of Oneonta, in favor of the plaintiff and against the defendants, wherein the plaintiff sought to foreclose a mechanic's lien, pursuant to the various provisions of the Lien Law applicable thereto, in a court not of record. Lien Law, § 46.

The action was tried before the learned city judge, without a jury; and the judgment awarded was substantially in accordance with the relief demanded in the amended complaint, as follows, to wit: " That the real property described in the notice of lien * * * being a city lot, with a house and small building on the rear, used as a cigar factory, be sold according to law, and out of the moneys arising from such sale the plaintiff be paid the amount due on his said lien, namely, fifty-three dollars and ninety-five cents, and that the defendants, or either of them, be adjudged to pay the plaintiff so much of said amount as shall not be satisfied from the proceeds of the sale of the said real property hereinbefore described, and that plaintiff have execution accordingly."

The prayer for relief in the amended complaint demands that the premises be sold according to law, and that the plaintiff be paid the amount due on said lien, and that the defendants and each of them be adjudged to pay so much of said forty-seven dollars and ninety cents, with interest, as

may not be paid by the sale, and for such other relief as may be proper.

It appears that the plaintiff is a contractor and builder, and brought this action against the defendants, Lyman G. Knapp and Claudine Knapp, his wife, as owner, to foreclose a mechanic's lien, a notice of which was duly filed in the clerk's office.

It appears from the record that the action was commenced by the service of the summons and verified complaint, and that on the return day all of the parties appeared in person and by their respective attorneys. The defendants moved that the proceedings be dismissed upon the ground that the court was without jurisdiction, and moved for a dismissal as to the defendant Lyman G. Knapp, as it appeared by the complaint that he had no interest in the property covered by the lien. The objections being overruled and the defendants excepting thereto, the defendants filed a demurrer to the complaint, alleging:

" (1) That there is a misjoinder of parties defendant, in that it appears by the complaint that the said defendant Claudine Knapp is the sole owner of the property against which the lien is filed.

" (2.) That it fails to state the name or residence of the lienor.

" (3) It fails to state the time when the first and last items of work were performed and materials furnished
\*   \*   \*.

" (6) That the complaint does not state facts sufficient to constitute a cause of action.

" (7) The complaint fails to set forth substantially the facts contained in the notice of lien."

From an examination of the complaint, it is obvious that it did not state substantially the facts set forth in the notice of lien, nor facts sufficient to give the court jurisdiction to further proceed in the action, so far as the foreclosure of the lien was concerned, in that it failed to set forth the name and residence of the lienor, the time when the first and last items of work were performed and materials furnished, or any facts from which the same might be fairly inferred.

The demurrer was overruled; and, over the objections of the defendants, the plaintiff was permitted to file an amended complaint, which met the requirements of the statute in the respects mentioned.

The defendants objected to the plaintiff's being permitted to plead over or file an amended complaint, upon the ground that the court was without authority or power or jurisdiction to so do, and that the statute prescribes and directs the manner in which the action must be brought in a court not of record, which is by the personal service of the summons and verified complaint.

It is urged, on behalf of the respondent, that there was authority in the trial court to allow the amended complaint, for the reason that it is provided by section 23 of the Lien Law that the provisions thereof must be liberally construed.

The jurisdiction of the City Court under the original complaint to proceed with the foreclosure of the lien and the power and authority of that court to allow the amended pleading, so far as such a foreclosure was concerned, involve a more serious question than a liberal construction of the Lien Law, as provided by sections 23 and 40 thereof. The proceeding being statutory, it was essential that the plaintiff proceed in all respects as provided by this statute; and, the original complaint annexed to the summons not having conferred jurisdiction on the City Court, such jurisdiction could not be acquired by amending the complaint.

A substantial compliance with its several provisions shall be sufficient for the validity of a lien, and to give jurisdiction to the court to enforce the same; but here it must be conceded that facts were not pleaded in the original complaint sufficient to give the court jurisdiction.

The provision of the statute that the Lien Law itself shall be liberally construed does not authorize the court to dispense entirely with a provision of the statute declaring what a notice of lien must contain. Mahley v. German Bank, 174 N. Y. 500. Neither is there any authority in a court to supply an omission of what the statute provides must be contained in it.

Courts not of record have no inherent powers and have no

jurisdiction except as expressly conferred. The court was, therefore, without jurisdiction to proceed to give the plaintiff a judgment providing for the foreclosure of his lien in a court not of record and did not acquire jurisdiction so to do by the allowance of the amended complaint. The learned City Court was also in error in allowing a judgment providing for a sale of the real estate described in the complaint, as the statute does not give to courts not of record power to foreclose liens in the same manner in which a court of record is authorized to foreclose them.

The Legislature, in conferring upon local inferior courts the right to foreclose liens, clearly intended to limit the remedy to a simple money judgment to be enforced by execution, authorizing the sheriff to sell the right, title and interest which the judgment debtor had in the land at the time the lien was filed. This power, it has been held, does not involve any equity jurisdiction. Kotzen v. Nathanson, 33 Misc. Rep. 299; Eadie v. Waldron, 64 App. Div. 424.

The statute does not, and the Legislature could not, confer upon a local and inferior court power to make a decree of foreclosure and sell and direct lands to be sold and direct a distribution of the proceeds, because such power is wholly an exercise of equity jurisdiction.

All that can be done in a court not of record is to get a money judgment, *in personam,* and sell under it, by virtue of an execution, whatever interest the judgment debtor had in the land when the lien was filed. Drall v. Gordon, 51 Misc. Rep. 618.

It was contended by the defendants that the plaintiff agreed, for the sum of twenty dollars, to remove a certain building situate on the premises of the defendant Claudine Knapp a short distance, and repair the same, and put it in a suitable condition to be used for the manufacture of cigars.

It appears that the building was removed, and certain repairs made. It does not seem to be seriously disputed as to the actual value of the materials furnished or labor performed, except that the defendants claim plaintiff agreed to do the work and furnish the materials for twenty dollars.

There was a conflict in the evidence upon all of the ma-

terial facts, and, after a careful consideration of the same, the learned trial court found in favor of the plaintiff thereon; and I am not able to find any reason why his conclusions in the respect mentioned should be disturbed. In fact, I not only approve of the same, but think his decision thereon fully justified by the evidence.

It is strongly urged, on behalf of the defendant Lyman G. Knapp, that he was entitled to a dismissal of the complaint as to himself, at the time of the joinder of issue, and at the close of the case, for the reason that it did not appear that he had any interest in the premises or real estate covered by the lien or any title thereto.

Section 24 of the Lien Law provides that: "The mechanic's lien specified in this article may be enforced upon the property specified in the notice of lien, and which is subject thereto, and against any person liable for the debt upon which the lien is founded as described in article 3 of this chapter."

The complaint alleges that the plaintiff and defendant Lyman G. Knapp entered into a contract and agreement by which the plaintiff, with the knowledge and consent of the defendant Claudine Knapp, rendered services and furnished materials; and that said work, labor and materials were reasonably worth the sum of forty-seven dollars and ninety cents, no part of which has been paid.

Under these allegations of the complaint, the motion of the defendant Lyman G. Knapp was properly denied, as it has been held that a complaint in an action to foreclose a mechanic's lien, which alleges that labor and materials were furnished for the improvement of real property upon the joint agreement of the owner and her husband to pay therefor, states a good cause of action. Seary v. Wegenaar, 120 App. Div. 419.

It is also urged that the lien itself is void and must fail, in that it apparently does not state when the first and last items of work were performed and materials furnished.

The notice of lien states that the first item of work was performed about the 20th day of April, 1910, and the last item of work was performed about the 2d day of May, 1910;

that the first item of materials was furnished about the 20th day of May, 1910, and the last item of materials was furnished about the 2d day of May, 1910. The dates as to when the first and last item of materials were furnished are thus transposed; but, in connection with the statement as to when the first and last item of work was performed, I think it may be fairly inferred when the first and last item of materials were furnished. Mahley v. German Bank, 174 N. Y. 500. This being so, the lien is valid in all respects, and was duly filed in the clerk's office in Otsego county as required by law.

There are also other questions upon which a determination must be reached upon this appeal.

It is provided by section 54 of the Lien Law (formerly section 3412 of the Code of Civil Procedure) that, if the lienor shall fail to establish a valid lien, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract against any of the parties to the action.

We are at once led to inquire as to whether a cause of action was stated in the complaint or amended complaint which entitled the plaintiff to recover, on contract, for materials furnished and for work, labor and services, assuming that the plaintiff might be permitted to amend the complaint at the time of the joinder of issue, upon a cause of action as above stated. Clearly such a cause of action was averred, not only in the original complaint, but in the amended complaint; and it was alleged in both pleadings that no part of the same had been paid. It was of no material difference whether facts sufficient to establish the validity of the lien were or were not alleged, or, as a matter of fact, as to whether the lien filed was in itself valid or invalid.

After finding the facts to be with the plaintiff, the learned trial court should have awarded the plaintiff a money judgment for the sum of forty-seven dollars and ninety cents, as and for an action on contract, for materials furnished and for work, labor and services.

Until recently, there has been a great conflict in the authorities upon this proposition; but, in Abbott v. Eastman,

195 N. Y. 374, in reversing 122 App. Div. 274, Chase, J., in writing the opinion of the court, says: " Where a plaintiff fails to establish a lien because the notice of lien does not comply with the statute, or a complaint is further insufficient because it does not allege facts sufficient to constitute a cause of action to enforce a mechanic's lien, but the complaint contains allegations sufficient to constitute a cause of action, for goods sold and delivered or labor performed, a personal judgment may be recovered as in an action on a contract." Bradley & Currier Co. v. Pacheteau, 175 N. Y. 492; Hawkins v. Mapes-Reeve Const. Co., 178 id. 236; Ryan v. Train, 95 App. Div. 73; Gilmour v. Colcord, 96 id. 358; Schenectady v. Schenectady, 106 id. 336; Shaw v. Wilke, 137 id. 513.

It is still, however, contended, in behalf of the appellants, that the plaintiff was not entitled to a personal judgment, for the reason that there was no demand, in either the complaint or amended complaint, for a personal judgment against either the parties defendant; and that, as the plaintiff was permitted to have judgment upon an erroneous theory, there was a right of trial by jury upon the question as to whether the plaintiff was entitled to a personal judgment; and that to have awarded such a judgment must have been a violation of their constitutional rights. As to the second proposition: After the defendants demurred and the demurrer was overruled, they interposed an answer, and went to trial; and I am of the opinion that their right of trial by a jury was thus impliedly, if not expressly, waived. The right to a trial by jury can be waived, and it is waived by going to trial in apparent consent to a trial without a jury. Abbott v. Easton, 195 N. Y. 376.

Returning to the first proposition, there are not a few authorities which seem to sustain the contention of the defendants in the respect mentioned. Kane v. Hutkoff, 81 App. Div. 105; Dean Steam Pump Co. v. Clark, 84 id. 450; Abbott v. Easton, 122 id. 274; revd., 195 N. Y. 372.

There is a lack of harmony among the decisions of the courts in this State on the question as to whether a demurrer should be sustained, if the facts alleged in the complaint con-

stitute a cause of action but are insufficient to sustain the judgment demanded in the complaint. Where no answer is interposed, it is provided, by section 1207 of the Code of Civil Procedure, that the judgment shall not be more favorable to the plaintiff than demanded in the complaint.

Section 488 of the Code provides that a defendant may demur to a complaint. It provides that a defendant may demur to a complaint when it does not state facts sufficient to constitute a cause of action; but it does not provide for a demurrer when such facts are stated, but the demand for judgment does not demand the relief to which the facts thus stated entitle the plaintiff.

The right to demur by reason of the failure of the plaintiff to demand the specific judgment to which he is entitled has never been given by statute in this case. 6 Ency. Pl. & Pr. 350.

In Parker v. Pullman & Co., 36 App. Div. 217, the court says: " The right of the defendant to test jurisdiction by demurrer depends partly upon sections 481 and 1207 of the Code of Civil Procedure. The former provides that a complaint must contain, first, the title of the action, the name of the court and the names of the parties; second, a statement of the facts constituting the cause of action; and third, ' a demand of the judgment to which the plaintiff supposes himself entitled.' But this does not mean that the plaintiff may not have any other judgment than he demands, although section 1207 provides that where there is no answer the judgment shall not be more favorable to the plaintiff than he has demanded in his complaint." This does not relate to an action where a demurrer has been interposed but to one where a judgment is to be entered by default; and the reason is plain, that a party may be willing to permit a judgment by default not more favorable than that which is demanded in the complaint; but, when he demurs as in this case, his claim is that the plaintiff is entitled to no relief whatever on the allegations of the complaint, for the demurrer here is that the complaint does not state facts sufficient to constitute a cause of action; in other words, that the plaintiff is entitled to no judgment whatever.

The later authorities lay down the rule that, wherever a complaint contains allegations of fact, which are proved upon a trial as issues of fact, joined, and entitle the plaintiff to some relief, either legal or equitable, a demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, will not be upheld. The defendant cannot demur to the prayer for relief. He must demur to the facts alleged; and to sustain his demurrer he must show that upon those facts the plaintiff cannot have any relief at the hands of the court.

The right to demur is not given by the Code, on the ground that the complaint does not state facts sufficient to entitle the plaintiff to the relief demanded therein, but upon the ground that the complaint does not state facts sufficient to constitute a cause of action, that is, any cause of action. Schenectady v. Schenectady, 106 App. Div. 339.

" In view of the fact that plaintiff in addition to demanding judgment for the foreclosure of the lien and for a judgment against the respondent, has also demanded such further judgment as may be necessary to protect its rights, it should be held that such demand fairly includes a personal judgment in accordance with section 3412 of the Code of Civil Procedure," and a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action should not be sustained. Schenectady v. Schenectady, *supra;* Steuerwald v. Gill, 85 App. Div. 605.

The prayer being not in terms for a personal judgment, but for such judgment as might be necessary, and such relief being justified by the allegations of the complaint, such complaint was good as against a demurrer based on the ground that no cause of action was stated. Seary v. Wegenaar, 120 App. Div. 419–421.

The plaintiff demands judgment here that the premises be sold according to law; that out of the moneys arising from the sale plaintiff be paid the amount due on said lien, with interest, and costs, and expenses of the proceeding; that the defendants and each of them may be adjudged to pay so much of the forty-seven dollars and ninety cents, with interest and costs herein, as might not be paid by such sale, and

that the plaintiff may have such other relief as may be proper.

Though this is an action in the City Court of Oneonta, a court not of record, and the prayer for relief demanded is in its nature equitable, and such as is ordinarily requested in an equitable action in a court of record, yet the demand for a judgment for deficiency against both defendants, for the amount claimed, and for such other relief as may be proper, is, in effect, a demand for personal judgment; and I think fairly apprised the defendants that there was such a demand. It is quite evident that the defendants were fully advised, at the time of the trial, that the plaintiff could not have a judgment for the sale of the premises, and that the only judgment to which he was entitled was a judgment *in personam.*

The defendants had the benefit of the materials and labor, and no very nice reason should be applied for the purpose of spelling out some flaw by which the plaintiff can be defeated in his claim for labor performed and materials furnished, and of which the defendants have had the full benefit; but, notwithstanding the conclusions reached as to the judgment which should have been granted in the City Court, and that such judgment would have been amply supported by the evidence, I am not able to find any power in the County Court, under section 3063 of the Code of Civil Procedure, to grant the judgment which should have been granted in the court below. Manheim v. Seitz, 21 App. Div. 16; Ludlum v. Couch, 10 id. 603; Hewitt v. Ballard, 16 id. 466.

There is power in the County Court to affirm or reverse a judgment in whole or in part, but not to substitute one judgment for another, or one form of judgment for another wholly different, and then affirm. The error in the form of the judgment is more than technical; and, hence, this court is powerless to interfere, pursuant to any of the provisions of section 3063 of the Code. Nor would a different conclusion upon the question of jurisdiction in any respect have assisted the respondent, as the judgment of the court below is wholly erroneous.

The city charter of Oneonta, section 220, however, au-

thorizes the County Court, in its discretion, to grant a new trial in the City Court.

The judgment granted in this action must be reversed, but may be without costs, in case the respondent files a stipulation in this court and serves a copy thereof on appellants' attorney, on or before March 7, 1911, that he will take a new trial in the City Court of Oneonta, on the 21st day of March, 1911, at ten o'clock in the forenoon of that day; otherwise, judgment reversed, with costs.

Ordered accordingly.