GEORGE H. MILLER *vs.* ALFRED J. CONDIT *et al.*

Argued Dec. 23, 1892.   Decided March 13, 1893.

**Mechanic's Lien Law of 1889, ch. 200.**

The lien law of 1889 contemplates one general action in which all the lien claims against specified property shall be consolidated and adjudicated.

**One Action to Foreclose All the Liens.**

The section providing that a second action shall not be brought where one is already pending to foreclose liens on the property affected by several lien claims, but further providing that, if such action shall be brought, it must be consolidated with the first action, is a mere regulation of practice, and does not make such second action a void proceeding.

**Lien may be Filed and Foreclosed by an Assignee.**

Where an insolvent debtor is entitled to a lien for labor or materials, his assignee in insolvency may prosecute and enforce the same.

**Lien Statement, Mistake in.**

Where a mistake is made in the statement for a lien filed in respect to the date of the first item of the materials furnished, a lien may in any event be enforced for so much of the account as is embraced between the dates of the first and last items in the account as appearing in such statement. And where such mistake was made in respect to the first item of an account, but the statement in fact included all the items of the account for materials furnished by the lien claimant, and the account was in all other respects correctly stated, and no other parties were or could be prejudiced by the error, *held*, that the mistake was immaterial, and the lien valid for the whole account.   Gilfillan, C. J., dissenting.

Appeal by Anthony J. Drexel, one of the defendants, from a judgment of the District court of Hennepin County, *Pond, J.,* entered March 21, 1892.

On December 28, 1887, the defendants Alfred J. Condit, George S. Mayhew, and Ambrose W. Daynes owned a lot in Mattison's Third Addition to Minneapolis, and commenced the construction of a building thereon, and continued the work uninterruptedly until its completion on June 23, 1890. During the time they purchased materials for, and employed mechanics upon, the building, and incurred

numerous debts for such materials and work.  On June 1, 1889, they borrowed of the defendant Anthony J. Drexel $55,000, and gave him seven different mortgages on the property, each for a part of said sum upon a part of the lot.  The mechanics and material men afterwards made and filed lien statements to the aggregate amount of over $35,000, and this action was prosecuted by the plaintiff, George H. Miller, to foreclose the liens and obtain a sale of the property; marshal the incumbrances, and apply the proceeds.  He had been appointed receiver of the property of J. A. Bixby & Co. under Laws 1881, ch. 148.  That firm furnished materials and soon after became insolvent.  The defendants David Mayhew and Joseph Mayhew also furnished materials and became insolvent, and the defendant Loring T. Ross was appointed receiver of their property under the same statute.  As such receiver, he made, verified and filed a lien statement for their demand, and commenced an independent action to foreclose it, but at the trial it was consolidated with this. Frank L. Johnson and Bradford C. Hurd were partners in business, and they also furnished materials under two different contracts, and filed liens and commenced actions to foreclose, which actions were also on February 20, 1891, consolidated with the first.  These consolidations all took place more than a year after the last items of the liens were furnished.  Other facts appear by the statements in the opinion.

*Daniel Fish,* for appellant.

The objection to the claims of Johnson & Hurd is, that no valid proceeding was begun for their enforcement until after the expiration of one year from the date of the last item in each.  The claim is under two liens, the last item of the first account being October 16, 1889, and of the second account November 22, 1889.  They attempted to bring actions to enforce their liens on July 18, 1890, which if effectual, were in time.  But an action for the enforcement of liens on the same property and growing out of the same improvement had already been instituted.  This action was begun by Miller, November 27, 1889, and the notice of *lis pendens* was filed and recorded the same day.  An order of consolidation was made by the

court, upon its own motion February 20, 1891, by means of which these claimants were made defendants in the first action. At that time more than one year had elapsed since the date of the last item of their accounts. *Steinmetz* v. *St. Paul Trust Co.*, 50 Minn. 445; *Smith* v. *Hurd*, 50 Minn. 503.

The claim of Ross is subject to the same objection. He was appointed receiver of Mayhew Bros., insolvents, December 16, 1889. The last date in their account is October 22, 1889. Neither Ross nor Mayhew Bros. were original parties to this action, nor did either ever apply to be made a party. Ross on August 30, 1890, brought an action to enforce his claim, ignoring both the Miller suit and that of Johnson & Hurd. It was consolidated with this action by a separate order of the court dated February 20, 1891, nearly four months after the expiration of the year allowed for foreclosure. The lien statement was made and filed by the receiver Ross, whose only rights in the premises were such as vested in him under the statute. A lien, fully perfected and filed, is assignable in this State under the decision in *Tuttle* v. *Howe*, 14 Minn. 145, (Gil. 113;) but it has never been held that the mere sale and assignment of an account operates to transfer the statutory security of a mechanic's lien. 2 Jones, Liens, § 1494; *Brown* v. *Smith*, 55 Iowa, 31; *Langan* v. *Sankey*, 55 Iowa, 52; *Caldwell* v. *Lawrence*, 10 Wis. 331; *Tewksbury* v. *Bronson*, 48 Wis. 581; *Rollin* v. *Cross*, 45 N. Y. 766.

The verified claim states that the first item of labor and material claimed for was furnished July 10, 1889. The complaint was the same. Yet the court found that the lien attached from May 17, 1889, and that it was superior to the mortgages. The judgment was framed accordingly. The dates given in the statement are controlling and intended so to be. The statement cannot be amended in this respect, either directly or indirectly, by permitting its averments to be contradicted. 2 Jones, Liens, § 1455; Phillips, Mech. Liens, 428; *Noll* v. *Swineford*, 6 Pa. St. 187; *Vreeland* v. *Boyle*, 37 N. J. Law, 346; *Lindley* v. *Cross*, 31 Ind. 106; *McDonald* v. *Rosengarten*, 134 Ill. 126; *Olson* v. *Pennington*, 37 Minn. 298; *Hurlbert* v. *New Ulm Basket Works*, 47 Minn. 81.

The objection to the lien of Peter H. Mayhew is the same as to

that last above discussed. The date of the first item as given in the lien statement is July 10, 1889. The true date as found by the court was May 16, 1889.

*Cross, Carleton & Cross,* for respondents Johnson & Hurd.

The respondents Johnson & Hurd furnished materials of the value of $9,302.95. Appellant seeks to deprive them of this value, upon purely artificial and technical grounds. The first item was furnished April 24, 1888, and the last item October 16, 1889. The lien statement was full and complete, and fulfilled all the requirements of the statute, and was duly filed and recorded on January 13, 1890. The lien law does not prohibit the commencement of a new suit in the sense and meaning which appellant contends for. The provisions relating to the commencement of suits and the consolidation into one suit, of such actions as may be instituted after the first suit, when construed together, are merely words of regulation and procedure. They are not words of prohibition, but are solely words of regulation, and were enacted simply to determine the procedure and practice of the trial courts. *Bardwell* v. *Mann,* 46 Minn. 285.

In number of parties defendant, the Miller suit omitted more than one-half of the necessary defendants. The liens which were established in the consolidated cases amounted to $35,924.80, of which sum there was only $7,791.51 represented in the Miller suit, while the remainder, $28,133.29, was represented in the other suits. For this reason the suit of these respondents was the main and principal one, and was a necessary one in order to present to the court all the issues involved, and was in the true meaning and spirit of the law, the first suit commenced.

The words of the statute, "If he shall nevertheless, commence such other action, the same shall be consolidated," clearly indicate that the Legislature expected that such other actions would be commenced, and it provided a way by which all such other actions should finally come together for full and complete hearing and determination. Appellant is asking this court to disregard this plain provision of the statute. If the later action is void, it cannot have existence at any time, either at its inception, or for the purpose of

consolidation or anything else. Lien laws are to be liberally construed. This is the comment of all modern authority. The statute is highly remedial in its nature, and should receive a liberal construction to advance the just and beneficent object had in view at its passage. *Winslow* v. *Urquhart*, 39 Wis. 260; *Bullock* v. *Horn*, 44 Ohio St. 424. The statute nowhere says that the order of consolidation must be made within a year from the date of the last item. The statute expressly provides that the consolidation shall be made upon motion of any party to the earlier action, or by the court upon its own motion. These respondents could not have had the order of consolidation made earlier than it was, for the reason that the lien law gives the right to move for a consolidation, not to the person commencing such other action, but to any party to the earlier action, and to the court.

*Ell Torrance* and *Fletcher & Dawson*, for respondent Loring T. Ross.

The decisions in New York and Iowa, cited by appellant, which hold that the assignment of the debt before the filing of the lien claim, destroys the right of lien, do so upon the ground that the filing of the lien claim is the creation of the lien, and the creation must be the act of the person to whom the lien is given. *Rollin* v. *Cross*, 45 N. Y. 766; *Brown* v. *Smith*, 55 Iowa, 31. This court and our statute say that the filing of the lien claim operates to *continue* the lien. It is *created* by furnishing the material or labor. *Bardwell* v. *Mann*, 46 Minn. 285. The Wisconsin court, cited by appellant, holds that the assignment of the debt after filing the lien claim destroys the lien. *Tewksbury* v. *Brownson*, 48 Wis. 581. This court has held that the claim and lien after filing are assignable. *Tuttle* v. *Howe*, 14 Minn. 145, (Gil. 113.) Many courts hold that the assignment of the debt before filing the lien claim carries the lien. *Midland Ry. Co.* v. *Wilcox*, 122 Ind. 84; *McDonald* v. *Kelly*, 14 R. I. 335; *Murphy* v. *Adams*, 71 Me. 113; *Iaege* v. *Bossieux*, 15 Grattan, 83; *Dudley* v. *Toledo, A. A. & N. M. Ry. Co.*, 65 Mich. 655; *Austin & N. W. Ry. Co.* v. *Daniels*, 62 Texas, 70.

The courts of Missouri hold that the inchoate lien right passes to

an assignee for the benefit of creditors. *Gibson* v. *Nagel,* 15 Mo. App. 596. The court of Iowa, which holds an inchoate lien right not assignable, says the lien right passes to an assignee for the bene-fit of creditors, though it does not clearly appear whether the lien claim was filed before or after. the assignment. *German Bank* v. *Schloth,* 59 Iowa, 316.

Errors in the lien claim as to dates of furnishing items of material or labor may be corrected by evidence. *Fourth Baptist Church* v. *Trout,* 28 Pa. St. 153; *Cole* v. *Uhl,* 46 Conn. 296; Jones, Liens, § 1603; *Courtney* v. *President, Ins. Co.,* 49 Fed. Rep. 309; *Treusch* v. *Shryock,* 55 Md. 330.

As against conflicting rights, the court below might have found that the dates stated in the lien claim were the true dates, but no prejudice appearing, the errors as to dates in the lien claim are not fatal, and the court may determine the true date as a fact. *Linne* v. *Stout,* 41 Minn. 483.

An apparent exception is the case of *McDonald* v. *Rosengarten,* 134 Ill. 126.

*Gray & Pulliam,* for respondent Mayhew.

The plain purpose of the act is, that all liens growing out of a single improvement shall be adjudicated in one trial; that there shall be but one set of findings, one judgment and one sale, and to accom-plish that purpose, the Legislature has provided for the consolidation of actions, which could not be accomplished if there can be but one action commenced. The statute is remedial, and was enacted to pro-vide additional security to the laborer and material man, and should be liberally construed to effectuate that object. *Althen* v. *Tarbox,* 48 Minn. 18; *Shaw* v. *Bradley,* 59 Mich. 199; Phillips, Mech. Liens, (2nd Ed.) § 16; *Bardwell* v. *Mann,* 46 Minn. 285; *Courtney* v. *Presi-dent, Ins. Co.,* 49 Fed. Rep. 309. It is not essential that the exact day of furnishing the material, or doing the work should be stated in the lien statement, provided the statement appears to have been filed in time. *Johnson* v. *Stout,* 42 Minn. 514; *Treusch* v. *Shryock,* 55 Md. 332; *Linne* v. *Stout,* 41 Minn. 483; *Westland* v. *Goodman,* 47 Conn. 83.

VANDERBURGH, J.  This action was brought to foreclose and enforce a mechanic's lien in favor of Bixby & Co. against certain real property in the city of Minneapolis, belonging to the defendants Condit, Mayhew, and Daynes, and on which the defendant Drexel holds certain mortgages, executed June 1, 1889.  In the same action numerous other lien claimants have been brought in and made parties.  The only questions for consideration upon this appeal arise between the mortgagee, Drexel, and the defendants Johnson & Hurd, Loring T. Ross, receiver of Mayhew Bros., and Peter Mayhew.  It is expressly found by the trial court that "the defendant Drexel received and accepted each of the mortgages aforesaid as security for the moneys loaned by him with full notice that each and all the lien claimants had been and were furnishing material and labor for the construction of the building on the real estate in question."

1. In respect to the claim of Johnson & Hurd, it appears that they filed separate lien statements, arising under separate contracts, in one of which the last item of materials is shown to have been furnished October 16, 1889, and in the other November 22, 1889. Separate actions had been brought by them to enforce these liens on July 18, 1890.  But prior to that date this action in favor of Bixby & Co. had been commenced and was then pending, and on the trial of this action an order was made by the court, of the date of February 20, 1891, consolidating therewith the actions above mentioned of Johnson & Hurd, and their liens were accordingly adjudicated herein.  The objection urged against the claims of Johnson & Hurd is, in form, that no valid proceeding was begun for the enforcement thereof within one year from the date of the last item of the account.  The ground of this objection is that the statute allows but one action in such cases, and that by its terms all the lien claimants must be joined or come in and be made parties therein; and hence, since the action in favor of Bixby & Co. had already been commenced, and the complaint and *lis pendens* filed therein, before Johnson & Hurd commenced their actions, the latter were inhibited by the statute, and invalid and ineffectual.

The provision of the statute relied on is as follows:  "After commencement of and before final judgment in any such action to fore-

close any such lien as aforesaid upon any certain property, no other such action to foreclose any other such lien upon the same property, or any part thereof, shall be commenced; but the claimant of any other such lien, not a party to such action firstly commenced, shall apply to be made, and shall be admitted, a defendant in the action last mentioned." It is claimed that in the case of Johnson & Hurd there was a clear violation of an express prohibition of the statute. But a further clause provides: "And if he shall nevertheless commence such other action, the same shall be consolidated with and merged in the action firstly commenced upon motion of any party to the earlier action, or by the court upon its own motion." We think the court below rightly construed the statute. The object of it is to regulate the practice merely, and the provision first cited must be construed with the further clause cited, and the general purpose of the provisions on the subject. The provision in question involves no penalty or forfeiture of legal rights. The object aimed at is to have an adjudication of all the lien claims in one suit, and one sale to satisfy the same through an equitable division of the proceeds. Hence the statute contemplates but one general action, in which all the claims shall finally be consolidated and disposed of; but, if such consolidation is seasonably made, a departure from the strict letter of the statute in the matter of practice is not jurisdictional or matter of substance. *McCoun* v. *New York Cent. & H. R. R. Co.*, 50 N. Y. 176.

If, therefore, a claimant neglects to comply with the direction of the statute, and brings a second action, instead of joining in a prior action, the statute points out the disposition of such action, and provides for its consolidation with the prior action, but does not make the proceeding void or a nullity. Until the order of consolidation, it is nevertheless an action pending.

2. The defendant Drexel also objects to the allowance of the claim of Mayhew Bros., represented by Loring T. Ross, receiver of their insolvent estate. It is found that between the 17th day of May, 1889, and the 26th day of October, 1889, they furnished certain building materials used in and about the erection of the buildings in question, but before the account was filed they became insolvent, and

the defendant Loring T. Ross was appointed receiver of the property and effects of the insolvents, and he thereupon, as such receiver, seasonably filed the account and statement of their claim in due form. But by mistake and inadvertence, as the court finds, it is stated therein that the first item of their claim was furnished on the 10th day of July, 1889, instead of May 17, 1889, as the fact is. It is contended by the defendant Drexel that the lien on the property did not pass to the receiver as incident to the debt, and that he had no authority to file the lien statement, and prosecute the claim. In our opinion, however, the transfer of the debt to an assignee or receiver in insolvency carries with it all the securities of whatever nature owned by the insolvent, or to which he is entitled, and that he is clothed with all the requisite authority to enforce such liens.

It could never have been contemplated that there should be a severance of the debt and lien in such cases, which would result in a very serious loss to the estate of the debtor. The purpose of the insolvency statute is to invest the assignee with all the nonexempt property of the debtor. This must necessarily include credits and choses in action, and should be held to include lien claims securing debts due him. The statute is a remedial one, and must have a liberal construction to advance the remedy; and we have no doubt that it was fairly within the intention of the legislature to include claims of this character, and that the assignee or receiver is authorized to take all necessary proceedings to enforce the same.

3. A further objection relates to the mistake in the account filed as respects the date of furnishing the first item, which is by mistake stated to have been on July 10th, instead of May 17th. This would not avoid the lien in this case, for, if a strict construction were insisted on, the claim would in any event still be good for all the materials embraced in the account between the dates specified; nor should the lien in question be postponed and made subordinate to the mortgages of Drexel, of an earlier date than the first item specified, because—*First*, it is found, as before stated, that Drexel had actual notice of the claim; and, *second*, he had constructive notice from the fact that the building of which plaintiffs' material became an inseparable and component part as one entire improvement was

actually in process of construction, to his knowledge, when the loan was made. The statement for a lien, notwithstanding the error, embraces a claim for the whole account claimed, including the materials furnished after May 17th and before July 10th, as well as those delivered after this last date. The error in this case, therefore, was not in any manner prejudicial, and was immaterial. Cases may arise, as may readily be supposed, in which the claimant would be estopped to allege an earlier date than stated in the account filed, but for the reasons stated this is not such a case, and the court ought not to give the statute a construction so strict and technical as that claimed by the appellant. The lien statement, as we may assume, on its face purports in all things to be in compliance with the statute.

There is no mistake as to the amount of the claim, property, ownship, or other essentials. It was seasonably filed, and it was entirely immaterial, as we have seen, as to the rights of these parties, whether the delivery of the materials commenced on the one date or the other. The variance was therefore immaterial in this case. The ruling of the court was right, and the evidence was properly received. The case of Peter Mayhew depends upon the same questions, and must be decided in the same way.

Judgment affirmed.

GILFILLAN, C. J. I dissent from the proposition that a lien claimant may prove for his first item a date earlier than that stated in his lien statement.

(Opinion published 55 N. W. Rep. 47.)