### SCHWARTZ v. LEWIS et al.

(Supreme Court, Appellate Division, Second Department.　May 26, 1910.)

1. MECHANICS' LIENS (§ 152*)—NOTICE OF LIEN—FILING—TIME—CONTENTS OF NOTICE.

   While the notice of mechanic's lien to be filed in the county clerk's office must state the time when the first and last items of work were performed and materials furnished, as required by Laws 1897, c. 418, § 9, the statute does not expressly require that the notice shall state that the period within which a lien may be filed has not expired.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 212; Dec. Dig. § 152.*]

2. MECHANICS' LIENS (§ 157*)—NOTICE—FINAL WORK—DATE.

   A notice of mechanic's lien, filed in the clerk's office April 18, 1908, stated that the work was performed between October 24, 1907, and January 29, 1907. The complaint alleged that on October 24, 1907, plaintiff contracted to do certain plumbing, and that between that date and January 29, 1908, he performed said agreement. *Held* that, since the last item must necessarily have been subsequent in point of time to the first and prior to the filing of the lien, the January referred to as the date of the furnishing of the last item must have been January, 1908, instead of January, 1907, and hence the notice should be so construed, and the lien was not fatally defective because of the mistake.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 269; Dec. Dig. § 157.*]

3. MECHANICS' LIENS (§ 158*)—NOTICE OF LIEN—AMENDMENT.

   In an action to enforce a mechanic's lien, the court has no power to amend the notice of lien.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 275, 277; Dec. Dig. § 158.*]

Appeal from Special Term, Kings County.

Action by William S. Schwartz against Samuel Lewis and others. Judgment for defendants, dismissing plaintiff's complaint, and he appeals. Reversed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

David C. Myers, for appellant.

William Godnick (C. Walter Randall and Ludwig M. Wilson, on the brief), for respondents.

BURR, J.　This action is brought to foreclose a mechanic's lien. The complaint alleges that on October 24, 1907, plaintiff entered into an agreement with defendant Lewis to furnish certain plumbing materials and perform the labor necessary to install the same upon premises belonging to said defendant for the sum of $1,300; that between October 24, 1907, and January 29, 1908, he performed said agree-

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment; that there remains unpaid $600 on account of the agreed price; and that on April 18, 1908, a notice of lien was filed in the county clerk's office. By amendment to the complaint on the trial, it was further alleged that at the times mentioned plaintiff was a duly licensed plumber. Upon the trial the notice of lien was offered in evidence, and thereafter the learned trial court refused to receive any evidence in support of any of the allegations of the complaint, upon the ground that it affirmatively appeared from such notice that it was not filed within 90 days after the date of the final performance of the work or the final furnishing of the materials (Laws 1897, c. 418, § 10), and thereupon directed judgment for defendants. From such judgment, this appeal is taken.

The statute does not in express terms require that the notice of lien shall state that such period of time has not elapsed. Id. § 9. Strictly speaking, it could not be done; for a notice of lien must be completed and verified before filing, and a considerable period of time might elapse after its verification and before its filing, which would not affect its validity if it was filed within the statutory period. It is necessary to state in the notice "the time when the first and last items of work were performed and materials were furnished." Id. § 9. This notice of lien purported to state each of these dates. It must be conceded for the purposes of this appeal that the fact was that the last material was furnished and the last work was performed on January 29, 1908; for that is what the complaint alleged and what plaintiff offered to prove.

Is the notice fatally defective because it states the last date to be January 29, 1907, instead of January 29, 1908? We think not. The lien law is "to be construed liberally to secure the beneficial intents and purposes thereof," and "a substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." Id. § 22. If the notice had contained no statement as to the date when the last material was furnished or the last labor performed, it would have been invalid. Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117. But when it purports to state the date of furnishing the last item of work and material, if an unintentional error in stating such date is sufficient to vitiate the lien, then if this notice had inadvertently stated such date to be January 28, 1908, when as matter of fact it was January 27th of the same year, it would be bad. This is not the liberal construction which the statute contemplates. Ringle v. Wallis Iron Works, 149 N. Y. 439, 44 N. E. 175. If by any fair construction the statement can be read so as to show the date intended, and that date is substantially correct, effect will be given to the notice. See New Jersey Steel & Iron Co. v. Robinson, 85 App. Div. 512, on page 517, 83 N. Y. Supp. 450.

There is no claim that the date of the furnishing of the first item of labor and materials is not correctly stated. The finding of the trial court is that, beside the statement of the date contained in it, the notice does not contain any other statement from which it can be inferred when the said last item of work was performed and the said last item of material was furnished. Suppose that the notice had simply read January 29th, stating no year, could any one claim that he was not

fairly apprised of its meaning? The first item was furnished October 24, 1907. The lien was filed April 18, 1908. The last item must necessarily have been subsequent in point of time to the first, and prior in point of time to the filing. Therefore the January referred to must have been some January intervening October, 1907, and April, 1908. January, 1908, was the only one. We may therefore reject the year after January as surplusage which does not mislead any one. Vitelli v. May, 120 App. Div. 448, 104 N. Y. Supp. 1082; Waters v. Goldberg, 124 App. Div. 511, 108 N. Y. Supp. 992.

The learned trial court seemed to proceed upon the theory that there was no power to amend the notice of lien. There is not. This is not a question of amendment. It is one of construction. What does the notice fairly mean?

The judgment appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.