J. L. CANADY, TRADING AS J. L. CANADY PLUMBING & HEATING
   COMPANY v. ERVIN E. CREECH AND WIFE, DOROTHY CREECH
   AND RAY P. KORTE AND WIFE, BARBARA D. KORTE

No. 80

(Filed 7 October 1975)

1. **Laborers' and Materialmen's Liens § 7— claim of lien — reference to
   wrong date materials first furnished**

   Claim of lien for labor and materials filed on 8 October 1973
   which recited that labor and materials were first furnished upon
   defendants' property on 4 December 1973 was not fatally defective,
   since the date of first furnishing was an obvious clerical error which
   could not mislead any interested party.

2. **Laborers' and Materialmen's Liens § 8— lien predating purchase —
   erroneous date in claim of lien — lien not defeated**

   Where plaintiff contracted with defendants Creech to furnish
   labor and materials in connection with construction of a dwelling
   on property owned by the Creeches, the Creeches conveyed the prop-
   erty to defendants Korte on 20 August 1973, plaintiff filed a claim
   of lien on 8 October 1973 which was within 120 days from the last
   day materials and supplies were furnished, and the claim erroneously
   stated that materials were first furnished on 4 December 1973,
   defendants Korte, who had constructive notice of the facts upon
   which the claim of lien was based, could not take advantage of the
   scrivener's error in the claim upon which they had not relied to
   defeat the lien which related back to a time predating the Kortes'
   purchase.

APPEAL of right by plaintiff pursuant to N. C. Gen. Stat.
7A-30(2) from a decision of the North Carolina Court of Ap-
peals, 23 N.C. App. 673, 209 S.E. 2d 511 (1974), which affirmed,
*Baley, J.,* dissenting, an order of District Court Judge Barnette.

This case was docketed and argued as No. 53 at the Spring
Term 1975.

Plaintiff's action was brought to recover some $4,496.95
from defendants and to have a laborer's and materialman's lien
for this amount declared and enforced on certain real estate.
Plaintiff alleged: (1) a contract between him and the Creeches
pursuant to which plaintiff furnished certain labor and ma-
terials in connection with the construction of a dwelling on
property owned by the Creeches; (2) on August 20, 1973, the
Creeches conveyed this property to the Kortes, the deed being
recorded on August 21, 1973; (3) on October 8, 1973, plaintiff
filed a claim of lien within 120 days from the last day the

materials and supplies were furnished; and (4) plaintiff commenced his action within 180 days from the last day of furnishing. The claim of lien, attached to the complaint as Exhibit A, recited, in pertinent part, that "[t]he labor and materials were first furnished upon said property by the claimant on or about December 4, 1973." Plaintiff's answers to certain interrogatories propounded by defendants Korte revealed that the actual date of first furnishing of labor and materials was November 3, 1972.

Defendants Korte moved to dismiss the action with prejudice for failure to state a claim and for discharge of the claim of lien. Judge Barnette, after concluding that the "lien filed by the plaintiff on October 8, 1973, is fatally defective as it is impossible for the plaintiff claimant to have first furnished labor and materials on or about December 4, 1973," allowed defendants Korte's motion, dismissed the action with prejudice as to them pursuant to Rule 41(b), N.C.R. Civ. P., and discharged the claim of lien.

*Mast, Tew & Nall, P.A., by Allen R. Tew, Attorneys for the plaintiff.*

*No counsel contra.*

EXUM, Justice.

The questions for decision are: (1) Whether plaintiff's claim of lien is fatally defective because of the erroneous statement of the date of first furnishing? (2) If not, whether the defect in any event precludes enforcement of the lien against defendants Korte? Both questions, we hold, are properly answered negatively.

Part 1, Article 2, Chapter 44A of our General Statutes provides for statutory liens on real property for mechanics, laborers and materialmen who deal with the owner of the property. Properly perfected liens "take effect from the time of the first furnishing of labor or materials . . . . " N. C. Gen. Stat. 44A-10. Such liens are perfected by filing a claim of lien in the Clerk's office in the County where the real property is located "at any time after the maturity of the obligation secured thereby but not later than 120 days after the last furnishing of labor or materials. . . ." N. C. Gen. Stat. 44A-12 (a)(b). The form for a claim of lien is prescribed by N. C. Gen. Stat. 44A-12(c). This section provides that a claim of

lien must "substantially" comport with the form set out. Item 5 of the form provides a place for furnishing the "[d]ate upon which labor or materials were first furnished upon said property by the claimant." Immediately following the prescribed form there is this provision: "A general description of the labor performed or materials furnished is sufficient. It is not necessary . . . to file an itemized list . . . or a detailed statement . . . . " N. C. Gen. Stat. 44A-12(c).

[1] Because of an error in plaintiff's claim of lien whereby the date of first furnishing was given as being beyond the date of filing of the claim itself, both the trial court and the Court of Appeals were of the opinion that the claim of lien was fatally defective. The Court of Appeals reasoned:

> "If laborers can file notices of lien stating an incorrect date of first furnishing and then enforce their liens with priority as of the actual date of first furnishing, it would be impossible for anyone to determine the priority of laborer's liens by a search of the records." 23 N.C. App. at 675-76, 209 S.E. 2d at 513.

The Court of Appeals suggested also that it would be impossible to uphold the date actually given in the claim of lien.

We disagree. First, we are not dealing here with priorities of competing liens nor with any party who relied on the claim of lien as filed. Second, the Court of Appeals seems to have assumed that if the lien were effective at all it would have to be effective either from the date of actual first furnishing or from the date of first furnishing as given in the claim of lien. There are other possibilities.

We agree with Judge Baley that the date of first furnishing "is an obvious clerical error which could not mislead any interested party." 23 N.C. App. at 676, 209 S.E. 2d at 513. This is so because one whose interest in the property arose after the date this claim of lien was filed would be on notice not only that the stated date of first furnishing was obviously error but also that the first furnishing of labor and materials must have antedated the filing of the claim itself. The lien could then without prejudice be given effect at least as of the date of filing.

None of our cases deal with the precise point here involved. They were decided before the enactment of Chapter 44A under a statute which required that all claims of lien

"shall be filed in detail, specifying the materials furnished or labor performed, and the time thereof." N. C. Gen. Stat. 44-38 and its predecessors. They also involve claims of lien defective in respects other than, and in some cases in addition to, an incorrect statement of the date of furnishing materials and labor. *Lumber Co. v. Builders,* 270 N.C. 337, 154 S.E. 2d 665 (1967); *Lowery v. Haithcock,* 239 N.C. 67, 79 S.E. 2d 204 (1953); *Jefferson v. Bryant,* 161 N.C. 404, 77 S.E. 341 (1913); *Cook v. Cobb,* 101 N.C. 68, 7 S.E. 700 (1888); *Wray v. Harris,* 77 N.C. 77 (1877). Our Court has, however, sustained the claim of lien when it was "a reasonable and substantial compliance with the statute." *Cameron v. Lumber Co.,* 118 N.C. 266, 268, 24 S.E. 7, 7 (1896) ("No one need misunderstand it who should become interested in the property.")

Cases from other jurisdictions are more on point and instructive. *Schwartz v. Lewis,* 138 App. Div. 566, 123 N.Y.S. 319 (Sup. Ct. App. Div. 1910) was an action to foreclose a mechanic's lien. Claim of lien, filed April 18, 1908, stated that the first furnishing occurred October 24, 1907, and the last furnishing January 29, 1907. The New York lien statute required the dates of both first and last furnishings to be given. In fact, the last furnishing occurred January 29, 1908. The Court said:

> "If by any fair construction the statement can be read so as to show the date intended, and that date is substantially correct, effect will be given to the notice." *Id.* at 568, 123 N.Y.S. at 320.

> "The first item was furnished October 24, 1907. The lien was filed April 18, 1908. The last item *must necessarily have been* subsequent in point of time to the first, and *prior in point of time to the filing* . . . . We may therefore reject the year after January as surplusage which does not mislead anyone." (Emphasis supplied.) *Id.* at 568, 123 N.Y.S. at 321.

In *Pearce v. Knapp,* 71 Misc. 324, 127 N.Y.S. 1100 (Otsego County, 1911) claim of lien stated that the first work was performed April 20, 1910, and the last work about May 2, 1910; that the first item of material was furnished about May 20, 1910, and the last item about May 2, 1910. The court sustained the lien holding that the dates of furnishing materials were obviously transposed as could be ascertained by looking at the

claim in its entirety. *Robison v. Thatcher,* 252 Ore. 603, 451 P. 2d 863 (1969) affirmed a decree foreclosing a mechanic's lien. The claim of lien stated in one place that the owner did not request some extra work involved and in another place stated that he did. The court held that such an internal inconsistency in the claim of lien caused by scrivener's error would not defeat an otherwise valid lien.

[2] Having determined that the claim of lien is not fatally defective because of an obvious scrivener's error in stating the date of first furnishing we now consider whether the lien might in any event be enforced against defendants Korte who purchased before the claim was filed. If we assume the claim was filed within "120 days after the last furnishing of labor or materials," N. C. Gen. Stat. 44A-12(b), and the Kortes, consequently, purchased before the claim of lien was required to be filed, they were in effect charged with notice of the facts giving rise to the lien. "[I]t is entirely possible for a buyer of improved real estate to complete a purchase in the belief that the title is clean and then, a month or two later, to find himself faced with a lien filed by an unpaid workman hired by the former owner." Dale A. Whitman, "Transferring North Carolina Real Estate, Part I: How the Present System Functions." 49 N.C. L. Rev. 413, 441 (1971). Having constructive notice of the facts upon which the claim of lien is based, the Kortes may not take advantage of a scrivener's error in the claim relative to these facts and upon which they did not rely to defeat a lien which, because of these facts, relates back to a time that predates their purchase. N. C. Gen. Stat. 44A-10. *Lumber Co. v. Trading Company,* 163 N.C. 314, 79 S.E. 627 (1913) ; *Miller v. Condit,* 52 Minn. 455, 55 N.W. 47 (1893) ; *Chapman v. Brewer,* 43 Neb. 890, 62 N.W. 320 (1895) ; *see also Georgia State Savings Assn. v. Marrs,* 178 Ark. 18, 9 S.W. 2d 785 (1928) ; *Union Trust Co. v. Casserly,* 127 Mich. 183, 86 N.W. 545 (1901).

In *Lumber Co. v. Trading Company, supra,* the Court had under consideration an early predecessor of the present lien statute which required that the claim of lien be filed within twelve months after completion of the work "provided, that as to the rights of a purchaser for value and without notice, the notice of lien must be filed within six months." Pell's Revisal of 1908, § 2028 (Supp. 1911). The facts were that the claim of lien was filed less than twelve months but more than

six months after completion of the work on the property in question. Purchaser bought the property before the claim of lien was filed but had actual notice that the lienor had a claim generally but not the amount nor the details thereof. This Court upheld the lien as against such a purchaser holding that the purchaser was not "without notice" of the lien within the meaning of the statute. The Court said, "[A]s to purchasers, that 'where one has notice of an opposing claim, he is put "upon inquiry" and is presumed to have notice of every fact which a proper inquiry would have enabled him to find out.' " 163 N.C. at 317, 79 S.E. at 629. In *Miller* receiver of a mechanic's lienor sought to foreclose the lien free from the mortgage of one Drexel. The actual first furnishing of labor was May 17, 1889, but the claim of lien stated it to be July 10, 1889. Drexel took his mortgage on June 1, 1889, having actual notice of the work being done which gave rise to the lien. The Minnesota court held that the lien was not invalid and since Drexel had actual notice of the work being done giving rise to the lien, the lien was effective as of May 17.

In *Chapman* mortgagees attempted to foreclose free from an asserted materialman's lien. Work giving rise to the lien had actually begun on November 5 or 7, 1889. On November 15 mortgages were executed and were recorded on November 21 and 27. On March 17, 1890, a claim of lien was filed stating that the first furnishing of materials occurred on December 30, 1889, and the last furnishing on January 25, 1890. The Nebraska court gave the materialman's lien priority over the mortgages. It said:

"The fact that the date of the commencement of labor or furnishing of material was stated to be December 30, 1889, when it should have been November 5th or 7th, could not and did not, have any significance for or to mortgage lienholders, or in any manner affect their rights under the mortgages executed during the month of November at a time when the work and furnishing which were the foundation of the lien were in progress, and had been from a date prior to such execution, as they were bound to take notice of these things, and their mortgages were taken subject to any rights of lien which had accrued or attached in favor of mechanics or materialmen. Their rights were acquired long prior to the time the statement was filed in which appeared the erroneous date, and such statement

was not notice to them, nor could or were their liens or rights in any way affected by it, and the evidence of the true date was competent and its reception in no manner or extent harmful or prejudicial to the parties holding the mortgages." 43 Neb. at 896-897, 62 N.W. at 322.

Although the Nebraska statute did not require the dates of performance to be stated in the claim of lien it did provide that the lien was effective as of the date of first furnishing. Consequently the court's reasoning with regard to the effect of an erroneously stated date of first furnishing on a mortgagee taking before the filing of the claim of lien applies to this aspect of the instant case.

It was, consequently, error for the Wake County District Court to dismiss with prejudice plaintiff's claim for relief against the Kortes and to discharge the claim of lien. The decision of the Court of Appeals affirming this order is, therefore, reversed and this case is remanded to that Court with instructions to remand it to the District Court of Wake County for further proceedings in accordance with this opinion.

Reversed and remanded.