BEACH AND ADAMS BUILDERS, INC. v. THE NORTHWESTERN BANK, A NORTH CAROLINA CORPORATION; AND C. BANKS FINGER, AS TRUSTEE FOR THE NORTHWESTERN BANK

No. 7524SC545

(Filed 17 December 1975)

Laborers' and Materialmen's Liens § 7— claim of lien — date materials and labor last furnished — action to enforce — allegation of different date

Plaintiff was bound by its statement in its claim of lien that materials and labor were last furnished on 16 November 1972 where there was nothing on the face of claim of lien to indicate that such date was erroneous; therefore, an action to enforce the claim of lien filed more than 180 days after such date came too late and the lien

was discharged, notwithstanding plaintiff alleged that labor and materials were last furnished on 12 December 1972, not 16 November 1972, and the action was commenced within 180 days of 12 December 1972.

APPEAL by plaintiff from *Judge Harry Martin.* Summary judgment entered 21 March 1975 in Superior Court, WATAUGA County. Heard in the Court of Appeals 16 October 1975.

This is a companion case to *Beach and Adams Builders, Inc. v. Felton, et al,* No. 73CVS148, which is on appeal as No. 7524SC546.

In March 1972, plaintiff entered into an oral contract with the Feltons for the construction of a residence. Upon completion of the job and the Feltons' subsequent refusal to tender payment, the plaintiff filed and recorded a "Claim of Lien" on 1 February 1973 against the property and stated, *inter alia,* in the claim that "[t]he date upon which labor or materials were last furnished upon said property by the Claimant was November 16, 1972." Later, plaintiff, on 6 June 1973, brought action No. 73CVS148 against the Feltons, the Watauga Savings and Loan Association, and the Trustee for the Savings and Loan Association, alleging priority of its "Claim of Lien" to the various interests of the defendants therein. Subsequently, Northwestern Bank asserted a claim against the property.

In this action (No. 7524SC545), filed by verified complaint on 17 December 1974, the plaintiff sought, *inter alia,* to have its purported "Claim of Lien" declared superior to a deed of trust given by the Feltons to the defendants herein on 7 November 1973 and filed and duly registered on 13 November 1973. In this complaint, the plaintiff alleged that the last date of furnishing of labor and materials was 12 December 1972, almost a month later than the date shown in its "Claim of Lien." A copy of the "Claim of Lien" was attached to this complaint, as "Exhibit 'A'," and states that the last date of furnishing of labor and material was 16 November 1972.

Defendants answered that plaintiff's "Claim of Lien," which by law cannot be amended, referred to the last date of furnishing of labor and material as 16 November 1972 and that, consequently, the complaint in case No. 73CVS148 was not filed within 180 days of the last furnishing of labor and material as required by statute. Defendants contended that in view

of plaintiff's noncompliance, the lien is, and should be, discharged. Defendants then moved for a summary judgment.

Plaintiff, responding to defendants' motion, argued that:

". . . the assertion of November 16, 1972 as the date of last furnishing of materials or labor in the Claim of Lien was incorrect and was a mere clerical error, and further, that the date of last furnishing of materials or labor was in fact December 12, 1972, as verified by the Plaintiff, and hence the Complaint to enforce the said Claim of Lien was in fact, timely filed. The Plaintiff argued that since the Court had before it a sworn statement of the Plaintiff that the date of last furnishing of materials or labor was December 12, 1972, and not November 16, 1972, a genuine issue as to a material fact existed, and hence the action should proceed to a full trial. The Plaintiff further argued that since North Carolina General Statute Sec. 44A-12(c) does not require the date of last furnishing of materials or labor to be set forth in the Claim of Lien, the fact that Plaintiff set forth a date of last furnishing in its Claim of Lien was unnecessary surplusage and hence should be ignored; and further, to ignore the date of last furnishing in Plaintiff's Claim of Lien would not amount to an amendment thereof."

The trial court, however, finding no genuine issue of material fact, granted defendants' motion for summary judgment, stating that the ". . . claim of lien is discharged of record by failure to enforce said lien within . . ." 180 days of the last furnishing of labor and material. The trial court further noted that:

". . . although plaintiff alleges that labor and materials were last furnished at the site on December 12, 1972, it has failed to produce any evidence or affidavits concerning same at this hearing on the motion for Summary Judgment and plaintiff's cause of action must be based upon the claim of lien filed February 1, 1973 as Chapter 44A of the General Statutes prohibits the amendment of such claim of lien, therefore plaintiff is bound by his claim of lien as to the last date (November 16, 1972) of furnishing of labor and materials upon which the claim of lien is based."

From entry of summary judgment, plaintiff appeals.

Other facts necessary for decision are cited below.

*Charles R. Brown, for plaintiff appellant.*

*Holshouser and Lamm, by Charles C. Lamm, Jr., and Finger, Parks & Greene, by C. Banks Finger, for defendant appellants.*

MORRIS, Judge.

Plaintiff contends that the trial court erred in finding that plaintiff had failed timely to commence its action to enforce its Claim of Lien and that the late commencement discharged the lien of record. Plaintiff argues that the entry of the 16 November 1972 date in the Claim of Lien was a "clerical error" and ". . . it should be allowed to show, in a trial on the merits, that the actual date of last furnishing was a date other than that set forth in the Claim of Lien." G.S. 44A-16(3) provides, *inter alia,* that any lien may be discharged for ". . . failure to enforce the lien within the time prescribed in this Article." G.S. 44A-13 provides that an action to enforce the lien may be instituted in any county in which the lien is filed but "no such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien." The law in this general area recently has been re-examined by our State Supreme Court in *Canady v. Creech,* 288 N.C. 354, 356, 218 S.E. 2d 383 (1975), wherein the Court held that when the date of first furnishing of labor and material listed in a Claim of Lien contains an " '. . . *obvious* clerical error which could not mislead any interested party . . .' " the actual purported date of first furnishing should be given effect and the purportedly incorrect listed date shown on the face of the claim should be disregarded. (Emphasis supplied.) (Citation omitted.) Justice Exum, writing for the Court in *Canady,* noted, however, that they were ". . . not dealing . . . with priorities of competing liens nor with any party who relied on the claim of lien as filed." *Id.* at 356.

Here, we are concerned with the priority of competing claimants. Moreover, in this situation, nothing appearing on the face of the Claim of Lien would indicate to any reader that there was an obvious error. This case involved a purported error in terms of several critical weeks prior to the time of filing the claim. It is difficult to see how any record examiner would be able to recognize any error, clerical or otherwise. For the examiner, 16 November 1972 is as realistic and logical

a date as 12 December 1972. This is considerably dissimilar to the problem presented in *Canady*, where there were no competing claimants to the property and where the listed date of first furnishing was incongruously stated as being subsequent to the date of filing of the claim. Thus, in *Canady*, the Court could state that " '[n]o one *need* misunderstand it who should become interested in the property.' " (Emphasis supplied.) *Id.* at 357. (Citations omitted.) The Court further approvingly cites and quotes from the case of *Schwartz v. Lewis*, 138 App. Div. 566, 568, 123 N.Y.S. 319, 320 (Sup. Ct. App. Div. 1910), wherein a New York Court held that" '[i]f by any fair construction the statement can be read so as to show the date intended, and that date is substantially correct, effect will be given to the notice.' " *Id.* at 357. Here, no " 'fair construction' " of the claim as written would indicate to the reader that the last furnishing was actually several weeks later than that actually shown on the face of the Claim of Lien.

Thus, we hold that this case is governed by our previous decision in *Strickland v. Contractors, Inc.*, 22 N.C. App. 729, 207 S.E. 2d 399 (1974), and distinguishable from the recent Supreme Court decision in *Canady*. In *Strickland*, we wrote that ". . . a lien is lost if the steps required to perfect it are not taken in the same manner and within the time prescribed." *Strickland*, at p. 731. We further held in *Strickland* that to force the examiner to go outside the record as filed would ". . . impose an undue burden on the title examiner and would damage the principle of reliance upon the public record." *Id.* at 732. We believe these principles remain sound in North Carolina after *Canady*, but for those rare instances in which an examiner should be able to detect errors which on the face of the record seem incongruous, obvious, self-apparent and easily reconcilable.

Plaintiff also contends that where the date of last furnishing is not statutorily required, the inclusion of the date ". . . should be completely disregarded . . ." and considered "unnecessary surplusage." We disagree. Though this information is not required, it cannot be deemed mere "surplusage" when supplied even voluntarily. To do so ". . . would do injury to the purpose of the lien statute . . ." in that title examiners would, barring an obvious error, reasonably rely on the date actually furnished. *Strickland, supra,* at 731-732.

Plaintiff next maintains that the trial court erred in finding that plaintiff had failed to produce any evidence or affidavits at the hearing on the motion for summary judgment which would indicate that the last date of furnishing was other than the date shown in the Claim of Lien. We find no merit in this contention. Even taking the verified complaint as an affidavit, the plaintiff merely presents a bare allegation that the date of last furnishing is different from that stated in the Claim of Lien. Moreover, barring an *obvious* error, easily discernible to the title examiner, the plaintiff is bound by the date stated in his Claim of Lien. G.S. 44A-12(d). Under G.S. 44A-13, the claimant has 180 days from the date of last furnishing of labor and material to commence legal action. In this case, plaintiff has simply failed to meet this statutorily mandated standard.

The trial court correctly found no genuine issue of material fact and we find no error in the summary judgment granted therein.

Affirmed.

Judges MARTIN and CLARK concur.