DONALD R. BROWN, D/B/A BROWN'S ROOFING & REMODELING v. BESSIE D.
MIDDLETON

No. 8622DC1142

(Filed 2 June 1987)

**Laborers' and Materialmen's Liens § 6— date of last furnishing of materials—no
amendment to allege later date**

> Where plaintiff's claim of lien, which was filed on 11/27/85, stated that the
> date of first furnishing of labor and materials was 9/28/84 and the date of last
> furnishing was 7/16/85, there was no obvious error in the claim of lien, and the
> trial court was correct in refusing to allow plaintiff to amend his claim of lien
> to state 8/16/85 as the date of last furnishing.

APPEAL by plaintiff from *Cathey, Judge.* Judgment entered
28 August 1986 in District Court, DAVIDSON County. Heard in the
Court of Appeals 12 March 1987.

This is a civil action instituted by plaintiff, Donald Brown,
against defendant, Bessie Middleton, for money owed and to en-
force a lien against defendant's real property.

Defendant employed plaintiff to do remodeling work to a
building owned by plaintiff in Lexington, North Carolina. On 27
November 1985, plaintiff, pursuant to G.S. 44A-12, filed a Claim of
Lien. The Claim of Lien filed by plaintiff stated that labor and
materials were last furnished upon plaintiff's property on
"7/16/85."

On 14 January 1986, plaintiff filed a complaint alleging, in
pertinent part, the following:

> 4. The first materials and labor were furnished to the proper-
> ty on September 28, 1984, and the defendant [sic] thereafter
> from time to time furnished other labor and materials to the
> property, with the last material being furnished on August
> 16, 1985; and on November 27, 1985 the plaintiff filed a Claim
> of Lien in the Office of the Clerk of Superior Court of David-
> son County, and this action is brought to recover the amount
> due the plaintiff and to enforce the lien created by G.S.
> 44A-7, et seq.

In his prayer for relief, plaintiff requested that he be granted
judgment for $10,131.43; that said amount constitute a lien

against the real property of defendant; and that the property be sold to satisfy the judgment.

On 11 March 1986, defendant answered plaintiff's complaint. Defendant, in her answer, denied any indebtedness to plaintiff, made a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, and as a third defense alleged the following:

THIRD DEFENSE

The claim of lien filed by the plaintiff, in the Office of the Clerk of Superior Court of Davidson County against the property described in the complaint was not filed within 120 days after the last furnishing of labor or materials as required by N.C.G.S. 44A-12(b), and the lien is void.

On 20 June 1986, defendant filed a motion for cancellation of plaintiff's Claim of Lien. On 23 June 1986, defendant filed a notice that her motion would be heard by the trial court on 17 July 1986. Attached to defendant's Notice of Motion was a copy of plaintiff's Claim of Lien.

On the date set for defendant's motion to be heard, plaintiff filed a "Response to Motion" to correct error, wherein plaintiff stated that there was no legal authority for defendant's motion; and that plaintiff should be allowed to change the obvious scrivener's error in the 16 July 1985 date stated in his Claim of Lien to 16 August 1985, the alleged date materials and labor were last furnished. Plaintiff, also on 17 July 1986, filed an affidavit by him stating among other things that his Claim of Lien against defendant's property contained a typographical error.

In an order entered 28 August 1986, the trial court found as fact that "[t]he claim of lien was not filed by plaintiff within 120 days after the last furnishing of labor or materials stated in the Claim of Lien as required by N.C.G.S. 44A-12(b)." The trial court further found that there was no obvious scrivener's error in plaintiff's Claim of Lien. Based on its findings the trial court concluded as a matter of law that plaintiff was not entitled to amend or change his Claim of Lien; and that plaintiff's Claim of Lien was void. The trial court ordered the Clerk of Superior Court of Davidson County to cancel the Claim of Lien filed by plaintiff. Plaintiff appeals.

*Brinkley, Walser, McGirt, Miller, Smith & Coles by Charles H. McGirt and Stephen W. Coles, for plaintiff appellant.*

*Stoner, Bowers and Gray, P.A., by Carl W. Gray, for defendant appellee.*

JOHNSON, Judge.

The only question plaintiff presents to us for our review is whether the trial court erred in cancelling his Claim of Lien that was filed more than 120 days after the date stated as the last date materials were furnished. Plaintiff argues that the date, "7/16/85," stated in plaintiff's Claim of Lien was an obvious scrivener's error. We disagree.

Preliminarily, we dispose of plaintiff's clearly erroneous contention that G.S. 44A-12 "does not require that the claimant set forth the date materials or labor were last furnished." G.S. 44A-12(b) requires that all claims of lien be filed "not later than 120 days after the last furnishing of labor or materials at the site of improvement by the person claiming the lien." Moreover, contrary to plaintiff's contention, G.S. 44A-12(c)(5a) requires that included within the contents of a claim of lien must be the "[d]ate upon which labor or materials were last furnished upon said property by the claimant."

Plaintiff's Claim of Lien, in pertinent part, stated the following:

5. Date upon which labor or materials were first furnished upon said property by the claimant: 9/28/84

5(a). Date upon which labor or materials were last furnished upon said property by the claimant: 7/16/85. . . .

Filed this 27th day of November, 1985.

The court surmised from plaintiff's Claim of Lien, as would any innocent third party, that plaintiff's Claim of Lien was filed more than 120 days after the "7/16/85" last date of furnishing labor and materials to the site of improvement. Therefore, plaintiff's Claim of Lien, on its face, would not be interpreted by any innocent third-party purchasers or title examiners as a valid claim of lien filed in accordance with G.S. 44A-12(b).

Plaintiff contends that the "7/16/85" date stated in his Claim of Lien is a typographical error and that "[t]he defendant-owner should not be allowed to take advantage of a typographical error in the claim of lien, especially since the information mistakenly provided is not even required by the statute." We hold that there was no obvious error in plaintiff's Claim of Lien and further hold that the trial court was correct in refusing to allow plaintiff to amend his Claim of Lien, G.S. 44A-12(d).

G.S. 44A-12(d) states unequivocally "[a] claim of lien may not be amended. . . ." This Court in *Strickland v. General Building & Masonry Contractors, Inc.*, 22 N.C. App. 729, 207 S.E. 2d 399 (1974), held as invalid a lien that revealed on its face that it was filed more than 120 days after stonework was last furnished by plaintiff to the site of improvement. In *Strickland*, the plaintiff filed his Claim of Lien on 27 July 1973. Plaintiff's Claim of Lien stated 28 March 1973 (121 days after the filing date, 27 July 1973) as the date of last furnishing materials to the site of improvement. On 4 October 1973 the plaintiff moved to amend his complaint to allege that the work was completed on 3 April 1973 rather than 28 March 1973. The defendant in *Strickland* moved the trial court to cancel and remove the plaintiff's Claim of Lien for plaintiff's failure to meet the 120 day requirement of G.S. 44A-12(b). The trial court allowed the plaintiff's motion to amend his complaint. This Court reversed the trial court's decision to allow plaintiff's motion to amend and stated the following:

> Thus all potential purchasers or lenders interested in the subject property and relying on the public record would be advised that the claim of lien had not been filed in accordance with the statute, and was not enforceable against the property. To require the title examiner to go outside the public record to discover that the stonework was in fact — as plaintiff claims — completed less than 120 days prior to the filing would in our opinion impose an undue burden on the title examiner and would damage the principle of reliance upon the public record.

*Strickland, supra,* at 732, 207 S.E. 2d at 400-01.

The law in this area was reviewed by the North Carolina Supreme Court in the case of *Canady v. Creech*, 288 N.C. 354, 218 S.E. 2d 383 (1975). In *Canady*, the Court determined that the

plaintiff's Claim of Lien was not defective because there was an *obvious* scrivener's error which could not mislead anyone. *Id.* at 358, 218 S.E. 2d at 385. The plaintiff in *Canady* filed his lien on 8 October 1973, but stated in his Claim of Lien that he first furnished his materials on or about 4 December 1973. The Court in *Canady* stated its basis for deciding that the error was obvious as follows:

> This is so because one whose interest in the property arose after the date this claim of lien was filed would be on notice not only that the stated date of first furnishing was obviously error but also that the first furnishing of labor and materials must have antedated the filing of the claim itself. The lien could then without prejudice be given effect at least as of the date of the first filing.

*Id.* at 356, 218 S.E. 2d at 385.

Subsequent to the *Canady* decision this Court in *Beach & Adams Builders, Inc. v. The Northwestern Bank*, 28 N.C. App. 80, 220 S.E. 2d 414 (1975), ruled that the plaintiff was bound by its statement in its Claim of Lien that materials and labor were last furnished on 16 November 1972 and could not amend that date to 12 December 1972 where there was nothing on the face of the Claim of Lien to indicate that the date in question was erroneous. This Court in *Beach & Adams Builders, Inc., supra*, reasoned and held as follows:

> Thus we hold that this case is governed by our previous decision in *Strickland v. Contractors, Inc.*, 22 N.C. App. 729, 207 S.E. 2d 399 (1974) and distinguishable from the recent Supreme Court decision in *Canady*. In *Strickland*, we wrote that '. . . a lien is lost if the steps required to perfect it are not taken in the same manner and within the time prescribed.' *Strickland*, at p. 731. We further held in *Strickland* that to force the examiner to go outside the record as filed would '. . . impose an undue burden on the title examiner, and would damage the principle of reliance upon the public record.' *Id.* at 732. *We believe these principles remain sound in North Carolina after Canady, but for those rare instances in which an examiner should be able to detect errors which on the face of the record seem incongruous, obvious, self-apparent and easily reconcilable.*

*Beach & Adams Builders, Inc., supra,* at 84, 220 S.E. 2d at 416 (emphasis supplied). We note that *Beach & Adams Builders, Inc., Canady,* and *Strickland,* were decided prior to the General Assembly's amendment to G.S. 44A-12, whereby subsection 5(c) was added to *require* that all claims of lien state the date upon which labor or materials were last furnished.

In the case *sub judice,* the discrepancy of one month between the stated date of last furnishing and the date plaintiff now alleges is almost exactly the same as the difference in the dates found in *Beach & Adams Builders, Inc., supra.* We find nothing incongruous, obvious, self-apparent, or easily reconcilable about the alleged "typographical error" in plaintiff's Claim of Lien. The "7/16/85" date stated in plaintiff's Claim of Lien is as realistic and as logical a date for an innocent third-party purchaser or title examiner to rely upon as the 16 August 1985 date of last furnishing which plaintiff seeks an amendment to.

The trial court was correct in concluding that plaintiff was not entitled to amend or change the date of last furnishing stated in his Claim of Lien. Plaintiff's Claim of Lien was filed more than 120 days after the last date of furnishing, was void, G.S. 44A-12(b), and should have been canceled. Accordingly, the trial court's judgment is

Affirmed.

Judges EAGLES and ORR concur.