GASTON GRADING AND LANDSCAPING, Plaintiff v. LEWIS YOUNG and wife, JUANITA YOUNG and CROWDERS MOUNTAIN DEVELOPMENT CORPORATION, Defendants

No. 9427SC38

(Filed 1 November 1994)

**1. Liens § 22 (NCI4th)— obligation asserted but not enforced by first lien—no enforcement by second lien—mistake in second lien—method of correcting**

Plaintiff was not entitled to enforce by means of its second lien the obligation which was asserted but not enforced in its first lien; furthermore, plaintiff's second claim of lien contained incorrect statements concerning the date of first furnishings and the alleged amount owed, and the appropriate way to correct those errors was to cancel the second lien and substitute a new claim of lien containing the correct information which plaintiff failed to do within the prescribed time. N.C.G.S. § 44A-12.

**Am Jur 2d, Mechanics' Liens §§ 167-237.**

**2. Liens § 23 (NCI4th)— purchase money deed of trust—priority over lien**

Under the doctrine of instantaneous seisin, defendants' purchase money deed of trust would have priority over plaintiff's claim of a materialmen's lien.

**Am Jur 2d, Mechanics' Liens §§ 263-283.**

Appeal by plaintiff from order entered 11 October 1993 by Judge Jesse B. Caldwell, III in Gaston County Superior Court. Heard in the Court of Appeals 28 September 1994.

*J. Boyce Garland, Jr. for plaintiff-appellant.*

*Blair Conaway Bograd & Martin, by Bentford E. Martin, for defendants-appellees Lewis Young and Juanita Young.*

JOHNSON, Judge.

On 22 June 1992 plaintiff Gaston Grading and Landscaping (Gaston) attempted to enforce a contractor's lien against real property then owned by Crowders Mountain Development Corporation (CMDC). The property was encumbered by two purchase money deeds of trust in favor of defendants Lewis and Juanita Young

(Youngs). The property consists of approximately 266 acres of real estate acquired by the Youngs. The Youngs constructed and operated an 18-hole golf course known as Crowders Mountain Golf Course upon the property, and also built a house there.

In March 1989, the Youngs sold and deeded approximately 84 acres of property to CMDC, and simultaneously recorded a purchase money deed of trust on that property to secure CMDC's payment of the purchase price, thus giving the Youngs a security interest in the said 84 acres. In May 1990, the Youngs sold and deeded to CMDC the remainder of the property, 182 acres, and as part of that transaction, also recorded a purchase money deed of trust upon all the property to secure CMDC's payment of the $2,250,000 purchase price. The $2,250,000 purchase money note given by CMDC to the Youngs in May 1990 represented the balance purchase price for all the property, including the 84 acres deeded to CMDC in March 1989 and the May 1990 purchase money deed of trust securing the note covering all 266 acres of the property.

On 10 April 1990, Gaston filed a claim of lien against the 84 acres of property. The claim of lien was for $77,910 and alleged that Gaston had first supplied labor or materials to the property identified in the lien on 3 February 1989, and had last furnished labor or materials there on 22 February 1990. Gaston did not file suit to enforce this claim of lien within 180 days of 22 February 1990, as required by North Carolina General Statutes § 44A-13 (1989).

On 20 May 1992, Gaston filed a second claim of lien, this time against all of the property. In the second lien, Gaston alleged that it was owed the sum of $128,585 by CMDC, that it had first furnished labor and materials to the property on 3 February 1989, and that it had last furnished labor or material to the property on 26 March 1992. Gaston filed this action to enforce the second lien on 22 June 1992.

Due to defaults by CMDC under its purchase money note and deed of trust to the Youngs, the Youngs commenced foreclosure proceedings in June 1992; however, in July 1992, CMDC filed a bankruptcy petition, which temporarily stayed the foreclosure proceedings. In January 1993, CMDC's bankruptcy petition was dismissed by the United States Bankruptcy Court for CMDC's failure to file a plan of reorganization. That same month, the Youngs reinstituted foreclosure proceedings and had a receiver appointed to hold and manage the property pending completion of the foreclosure. The Youngs then reacquired the property at the foreclosure sale held on 8 March 1993.

The issue on appeal is whether the trial court erred in granting summary judgment for defendants on the basis that plaintiff does not have an enforceable lien as a matter of law under North Carolina General Statutes § 44A-8 (1989). We find that the trial court did not err in granting summary judgment.

The North Carolina Rules of Civil Procedure provide that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." North Carolina General Statutes § 1A-1, Rule 56(c) (1990). Summary judgment allows the disposition prior to trial of an unfounded claim or defense. *Gray v. Hager*, 69 N.C. App. 331, 317 S.E.2d 59 (1984).

[1] In the case *sub judice*, plaintiff has conceded that its second lien, filed on 20 May 1992, included the same work, amount and alleged date of first furnishing, 3 February 1989, as contained in its first lien. Plaintiff also conceded that it is not entitled to enforce by means of its second lien the obligation which was asserted but not enforced in its first lien. Thus, there is no genuine issue of material fact regarding the content of the second claim of lien on its face.

Plaintiff's second claim of lien contains incorrect statements concerning the date of first furnishings to establish the lien's priority date, and the alleged amount owed; thus, the claim is defective. Plaintiff is required to state the items so that third parties would be on notice of the existence of a lien:

> [T]here must be a substantial compliance with the statute, i.e., a statement in sufficient detail to put interested parties, or parties who may become interested, on notice as to labor performed or materials furnished, the time when the labor was performed and the materials furnished, the amount due therefor, and the property on which it was employed. . . . The claim of lien is the foundation of the action to enforce the lien, and if such lien is defective when filed, it is no lien.

*Lumber Co. v. Builders*, 270 N.C. 337, 341, 154 S.E.2d 665, 668 (1967).

North Carolina General Statutes § 44A-12(d) (1989) states:

No Amendment of Claim of Lien.—A claim of lien may not be amended. A claim of lien may be cancelled by a claimant or his authorized agent or attorney and a new claim of lien substituted therefor within the time herein provided for original filing.

Consequently, if plaintiff wished to correct the mistakes of its second lien, plaintiff was required to cancel the second lien and substitute a new claim of lien containing the correct information. Plaintiff failed to do so within the prescribed time and thus, its claim of lien is void.

This Court has said that a lien claimant is bound by the claim of lien which is actually filed, and the claim of lien may not be amended. *Brown v. Middleton*, 86 N.C. App. 63, 356 S.E.2d 386 (1987). In addition, our Supreme Court has said that a defect in a claim of lien cannot be corrected by alleging the necessary facts in pleadings in the action to enforce the lien. *Lumber Co. v. Builders*, 270 N.C. 337, 154 S.E.2d 665.

Unlike other cases in which this Court and the North Carolina Supreme Court have reviewed, there is no obvious clerical error. *See Canady v. Creech*, 288 N.C. 354, 218 S.E.2d 383 (1975); *Brown v. Middleton*, 86 N.C. App. 63, 356 S.E.2d 386. In the case *sub judice*, plaintiff intentionally attempted to revive its failed first claim of lien by listing the same date of their first furnishing and the amount listed in the prior lien. In so doing, plaintiff has failed to comply with North Carolina General Statutes § 44A-12. Therefore, plaintiff has a defective claim of lien.

**[2]** Furthermore, under the doctrine of instantaneous seisin, defendants' purchase money deed of trust recorded in March 1989 covering the 84 acres would have priority over the claim of lien. The doctrine of instantaneous seisin provides:

when a deed and a purchase money deed of trust are executed, delivered, and recorded as part of the same transaction, the deed of trust attaches at the instant the vendee acquires title and constitutes a lien superior to all others. *E.g., Supply Co. [v. Riverbank]*, 231 N.C. 213, 56 S.E.2d 431 [1949]. It would thus subordinate a previously existing materialman's lien. The policy supporting the doctrine is that a vendor who parts with property and supplies the purchase price does so on the basis of having a first priority security interest in the property. The vendor who advances purchase money relies on the assurance that he or she will be able to foreclose on the land if the purchase price is not repaid. It is thus equitable and just that the vendor have a first priority security interest and be protected from the possibility of losing both the land and the money in the transaction.

*Carolina Builders Corp. v. Howard-Veasey Homes, Inc.*, 72 N.C. App. 224, 232, 324 S.E.2d 626, 631, *disc. review denied*, 313 N.C. 597, 330 S.E.2d 606 (1985). *See also Slate v. Marion*, 104 N.C. App. 132, 408 S.E.2d 189 (1991).

In March of 1989, defendants recorded a deed of trust which secured CMDC's payment of the purchase price for the property; the deeds of trust were executed and given by CMDC as part of the same transaction by which CMDC acquired title, as they represented the purchase price; and the deeds of trust were recorded simultaneously with the Youngs' deeds to CMDC. Accordingly, their security interest is superior to plaintiff's claim of lien and they are entitled to priority over plaintiff's lien claims.

The trial court's grant of summary judgment for defendants was without error. Thus, the decision of the trial court is affirmed.

Affirmed.

Judges GREENE and LEWIS concur.