JAMES A. STRICKLAND t/a STRICKLAND STONE CONTRACTOR v. GENERAL BUILDING AND MASONRY CONTRACTORS, INC., KING'S ROW, INC., JOHN G. WHICHARD AND MARY K. WHICHARD

No. 7410DC319

(Filed 21 August 1974)

Laborers' and Materialmen's Liens § 6— time of filing — lien invalid

Where plaintiff filed notice and claim of lien against defendants on 27 July 1973 for labor and materials used in stonework on defendants' property, and the claim stated that materials were last furnished upon the property on 28 March 1973, plaintiff thereby indicated his failure to file the claim within 120 days after the last furnishing of

---

Strickland v. Contractors, Inc.

---

labor and materials as required by G.S. 44A-12(b), and the lien is therefore invalid.

Judge BALEY dissenting.

APPEAL by defendants King's Row, Inc., John G. Whichard and Mary K. Whichard from *Barnette, Judge*, 12 November 1973 Session of District Court held in WAKE County.

This is an action to enforce a lien for labor and materials furnished.

Plaintiff has three counts in his complaint. In the first count he alleged that he entered a contract with defendant General Building and Masonry Contractors, Inc., to perform certain stonework on real property owned by defendant King's Row, Inc.; that he performed this work in accordance with the contract, completing it on 28 March 1973, and was due the sum of $2,141.25. The second count alleged that General Building was the agent for King's Row and that King's Row had thereby contracted with plaintiff for the stonework. The third count alleged that King's Row had conveyed the property to defendants John G. and Mary K. Whichard and that defendants General Building and King's Row had been acting as the agents of the Whichards in contracting with plaintiff for the stonework. All of the defendants have refused to make payment to plaintiff for the work performed. In his prayer for relief, plaintiff requested that he be granted judgment for $2,141.25; that the judgment be declared a specific lien on the property; and that the property be sold to satisfy the judgment.

Notice and claim of lien against all defendants was filed by plaintiff on 27 July 1973. The notice stated in part:

"5. The material was first furnished upon said property in February 1973 and was last furnished upon said property on March 28, 1973."

On 4 October 1973 plaintiff moved to amend his complaint so as to allege that the work was completed on 3 April 1973 rather than 28 March 1973. On 10 October defendants moved to cancel and remove plaintiff's notice of lien on the ground that it was not filed within 120 days after the last furnishing of labor or materials, as required by G.S. 44A-12(b). (27 July 1973 was 121 days after 28 March 1973.) The District Court entered an order granting plaintiff's motion to amend his complaint and denying defendants' motion to cancel the notice of lien. Defendants appealed to this Court.

Strickland v. Contractors, Inc.

*Robert A. Hassell for plaintiff appellee.*

*Reynolds and Russell, by E. Cader Howard, for defendant appellants King's Row, Inc., John G. Whichard and Mary K. Whichard.*

MORRIS, Judge.

Defendants present two questions for our determination. First, they contend that plaintiff's notice of lien is invalid because it fails to specify the exact date of the first furnishing of labor and materials. Plaintiff's notice states only that the stonework was last furnished "in February 1973". However, we do not deem it necessary to discuss this contention inasmuch as our treatment of the second contention is dispositive of the appeal.

Defendants next contend that plaintiff's lien is invalid because the notice and claim of lien was not filed within 120 days after the last furnishing of labor and materials as required by G.S. 44A-12(b). This contention is based upon the statement of plaintiff in the claim of lien that materials were last furnished upon the property on 28 March 1973. Since 28 March 1973 is more than 120 days prior to 27 July 1973 when the claim was filed, defendants argue that the lien itself was void.

G.S. 44A-12(b) provides as follows:

"Time of Filing.—Claims of lien may be filed at any time after the maturity of the obligation secured thereby but not later than 120 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien."

Although the statute clearly requires that the lien be filed within 120 days after the last furnishing of labor or materials, there is no requirement that a mechanic, laborer, or materialman state in his claim of lien the date of the last furnishing. Plaintiff has, therefore, placed in his claim of lien information not required by the statute. However, if we were to treat this information as a mere surplusage, we would do injury to the purpose of the lien statute.

It is well established that a lien is lost if the steps required to perfect it are not taken in the same manner and within the time prescribed by law. *Priddy v. Lumber Co.*, 258 N.C. 653, 129 S.E. 2d 256 (1963) [a suit between a holder of a deed of

trust and a lienor-judgment creditor to establish the priority of their liens]. Although the claim of lien filed by plaintiff contains information not required by the statute, it reveals on its face that it was filed more than 120 days after the stonework was last furnished by plaintiff. Thus all potential purchasers or lenders interested in the subject property and relying on the public record would be advised that the claim of lien had not been filed in accordance with the statute, and was not enforceable against the property. To require the title examiner to go outside the public record to discover that the stonework was in fact—as plaintiff claims—completed less than 120 days prior to the filing would in our opinion impose an undue burden on the title examiner and would damage the principle of reliance upon the public record.

We, therefore, hold that the trial court erred in denying defendants' motion to cancel the notice of lien. Plaintiff has, by his own hand, placed on the public record information asserting that he has failed to comply with the Mechanics', Laborers' and Materialmen's Lien statute. The lien itself is, therefore, invalid, and plaintiff may not enforce it against the property in question.

Reversed.

Judge HEDRICK concurs.

Judge BALEY dissents.

Judge BALEY dissenting.

I interpret G.S. 44A-12(b) as meaning that the filing time relates to the time *when the materials were last furnished,* not to the time when claimant *said* they were last furnished. There is no provision in the lien statute which requires any claimant of lien to set out in his claim the date upon which materials or labor were last furnished. There is no requirement that the public be given notice of the last date materials were furnished, and an examiner of public records ordinarily would not be apprised of this date. If the statement of the claimant be controlling, it is conceivable that a claimant could make a false statement about the date when materials were last furnished in order to enlarge the time for filing lien. Claimant can neither enlarge nor reduce the statutory period by an error in stating

the time when materials were last furnished. When the case comes on for trial plaintiff must prove that his claim of lien was filed within the statutory period from the time the materials were last furnished in order to establish his lien.

Lien statutes are designed to give the laborer or material-man a specific claim upon the property which has received benefit from his labor and materials. The purpose of recordation is to provide notice to prospective purchasers of the property or creditors that there is an encumbrance on the property and pro-tect claimant in the enforcement of his lien. The recording statute requires that the claim of lien must be filed in apt time, but when the statute does not require that the date when ma-terials are last furnished be specified in the notice of claim, neither the record examiner nor the court can place absolute re-liance on the accuracy of a date which has been voluntarily furnished by claimant in determining if the claim is filed within the statutory limits. The claim must be treated as if it did not contain a statement of the specific date upon which materials were last furnished.

While in North Carolina this precise question does not appear to have been determined, courts of other states have held in several cases that a notice of lien which appears on its face to be untimely filed is not automatically void. *Burleigh Bldg. Co. v. Merchant Brick & Bldg. Co.*, 13 Colo. App. 455, 59 P. 83 (1899); *Empire State Surety Co. v. City of Des Moines*, 152 Iowa 531, 131 N.W. 870 (1911); *Knowlton v. Gibbons*, 210 Mich. 547, 178 N.W. 63 (1920); *Phelan v. Cheyenne Brick Co.*, 26 Wyo. 493, 188 P. 354 (1920).

The second contention of defendants is that plaintiff's notice of lien is invalid because it fails to specify the exact date of the month when labor or materials were first furnished. Such failure does not prevent an examiner of public records from discovering the existence of the lien. It may, however, make it impossible for the record searcher to determine whether plain-tiff's lien has priority over other liens attaching to the same property. Priority among laborers' and materialmen's liens is determined by the date of first furnishing. G.S. 44A-10.

Since plaintiff has made it impossible for the record searcher to determine when he first furnished labor or materials, other than that it occurred in February 1973, his lien should be deemed to relate back only to the last day of the month. Ambi-

guities in a document should be resolved against the person who drafted the document. *Contracting Co. v. Ports Authority,* 284 N.C. 732, 202 S.E. 2d 473; *Root v. Insurance Co.,* 272 N.C. 580, 158 S.E. 2d 829; *Trust Co. v. Medford,* 258 N.C. 146, 128 S.E. 2d 141. This step is sufficient to remedy the problems created by plaintiff's failure to specify the exact date of first furnishing, and it is unnecessary to resort to the harsher remedy of cancelling plaintiff's notice and invalidating his lien.

My vote is to affirm the judgment of the trial court.