Canady v. Creech

J. L. CANADY, TRADING AS J. L. CANADY PLUMBING & HEATING COMPANY v. ERVIN E. CREECH AND WIFE, DOROTHY CREECH AND RAY P. KORTE AND WIFE, BARBARA D. KORTE

No. 7410DC782

(Filed 20 November 1974)

Laborers' and Materialmen's Liens § 7— notice of claim of lien — reference to wrong date materials first furnished

Notice of claim of lien for labor and materials filed on 8 October 1973 which referred to 4 December 1973 instead of 1972 as the time labor and materials were first furnished was fatally defective. G.S. 44A-12(c)(5).

Judge BALEY dissenting.

APPEAL by plaintiff from *Barnette, Judge,* 11 March 1974 Session of District Court held in WAKE County. Heard in the Court of Appeals 23 October 1974.

This is an action to have a lien declared on real estate for labor and materials furnished in the construction of a dwelling thereon. On 8 October 1973 plaintiff filed a notice of claim of lien in which he stated that "[t]he labor and materials were first furnished upon said property by the Claimant on or about December 4, 1973." (Emphasis supplied.) Answers to defendants' interrogatories indicated that materials and labor actually were first furnished on the job site on 3 November 1972. No other notice of claim of lien was filed by the plaintiff.

Upon defendant's motion for dismissal of plaintiff's action with prejudice and discharge of the purported lien, the trial

judge made findings of fact and concluded as a matter of law that the "[l]ien filed by the plaintiff on October 8, 1973, is fatally defective as it is impossible for the plaintiff claimant to have first furnished labor and materials on or about December 4, 1973" and that the plaintiff's complaint "does not state sufficient facts to state a cause of action upon which relief can be granted." From the order of the trial judge discharging the notice of claim of lien and dismissing the action against the defendants with prejudice, plaintiff appealed.

Additional facts necessary for decision are set forth in the opinion.

*Mast, Tew & Nall, P.A., by Allen R. Tew, for plaintiff appellant.*

*No counsel for defendant appellees.*

MORRIS, Judge.

Plaintiff contends that the court erred in concluding that the notice of lien filed 8 October 1973 was fatally defective.

It is undisputed that the notice of claim of lien filed by the plaintiff on 8 October 1973 erroneously states that materials and labor were first furnished on 4 December 1973 when, in fact, as shown by answers to defendants' interrogatories, materials and labor were first furnished on 3 November 1972. Plaintiff could not possibly have first furnished materials and labor on 4 December 1973 since at the time the notice of claim of lien was filed, this date was still approximately two months away. Plaintiff concedes this fact but maintains that this is an obvious clerical error that should not affect his rights under G.S. 44A-7 et seq., the Mechanics', Laborers' and Materialmen's Lien statute. He takes the position that the notice constitutes substantial compliance with the statute and that as a matter of equity he should be allowed to enforce his lien. We disagree. The notice of claim of lien does not substantially comply with the statute. In our opinion it is fatally defective.

G.S. 44A-12(c)(5) provides that the "Date upon which labor or materials were first furnished upon said property by the claimant" must be set forth in the claim of lien. This is necessary since G.S. 44A-10 states that "Liens granted by this article shall relate to and take effect from the time of the first furnishing of labor or materials at the site of the improvement

by the person claiming the lien." Where, as here, the notice of claim of lien shows on its face that the date stated to be the date of the first furnishing of materials or labor is incorrect, the requirements of the statute have not been met and the lien is invalid and without force and effect. A lien is lost if the steps required to perfect it are not taken in the same manner and within the time prescribed by law. *Priddy v. Lumber Co.*, 258 N.C. 653, 129 S.E. 2d 256 (1963) [a suit between a holder of a deed of trust and a lienor-judgment creditor to establish the priority of their liens].

> ". . . there must be a substantial compliance with the statute, *i.e.*, a statement in sufficient detail to put interested parties, or parties who may become interested, on notice as to labor performed or materials furnished, *the time when the labor was performed and the materials furnished*, the amount due therefor, and the property on which it was employed. *Lowery v. Haithcock, supra; King v. Elliott, supra; Cameron v. Lumber Co.*, 118 N.C. 266, 24 S.E. 7; *Cook v. Cobb, supra.*

> The claim of lien is the foundation of the action to enforce the lien, and if such lien is defective when filed, it is no lien. *Jefferson v. Bryant, supra.*" (Emphasis supplied.) *Lumber Co. v. Builders*, 270 N.C. 337, 341; 154 S.E. 2d 665 (1967).

As was the case in *Strickland v. Contractors, Inc.*, 22 N.C. App. 729, 207 S.E. 2d 399 (1974), the error appears on the face of the notice of claim of lien. We think what we said in that case appropriate here:

> " . . . all potential purchasers or lenders interested in the subject property and relying on the public record would be advised that the claim of lien had not been filed in accordance with the statute, and was not enforceable against the property. To require the title examiner to go outside the public record to discover that the stonework was in fact—as plaintiff claims—completed less than 120 days prior to the filing would in our opinion impose an undue burden on the title examiner and would damage the principle of reliance upon the public record." *Id.* at 732.

If laborers can file notices of lien stating an incorrect date of first furnishing and then enforce their liens with priority as of the actual date of first furnishing, it would be impossible

for anyone to determine the priority of laborer's liens by a search of the records. If we were to hold the lien is valid but the holder of the lien is bound by the date of first furnishing set out in the notice, an impossible result would obtain. Plaintiff would have filed a notice of lien which would be effective some two months *after* it was filed—the materials, according to the notice, not having been furnished until that time.

For the reasons stated herein, the court correctly dismissed the plaintiff's action and discharged the notice of claim of lien.

Affirmed.

Judge HEDRICK concurs.

Judge BALEY dissents.

Judge BALEY dissenting.

The notice of lien was filed 8 October 1973 and by mistake referred to 4 December 1973 instead of 1972 as the time labor and materials were first furnished. To me it is an obvious clerical error which could not mislead any interested party.