ALBEMARLE REALTY AND MORTGAGE COMPANY, INC. AND C. T. S. KEEP v. PEOPLES BANK OF VIRGINIA BEACH; EDWARD T. CATON, III, TRUSTEE; LENNIE L. HUGHES, SUBSTITUTE TRUSTEE; MARY VIRGINIA HOLLADAY; AND GRAYSON M. WHITEHURST; CARL R. TOUCHER AND WIFE, MILDRED M. TOUCHER, HERBERT D. TOUCHER; ALFRED MAGILL RANDOLPH; RALPH GROVES; BILLY D. WILLIAMS, AND VIRGINIA S. FLACOMIO

No. 771SC29

(Filed 16 November 1977)

1. **Mortgages and Deeds of Trust § 26— foreclosure sale—requirement of notice by publication and posting**

    G.S. 45-21.17 (1966 replacement) required notice of a foreclosure sale both by publication in a newspaper and posting at the courthouse door. Therefore, where a deed of trust specified only notice by publication, subsection (b) of that statute came into play and required that notice also be given by posting.

2. **Mortgages and Deeds of Trust § 26— foreclosure sale—date on posted notice not conclusive**

> Defendants could properly show that notice of a foreclosure sale was actually posted at the courthouse door some six days before the date shown on the face of the notice and that they had therefore posted notice at the courthouse door for 30 days immediately preceding the sale as required by former G.S. 45-21.17.

DEFENDANTS appeal from *Small, Judge*. Order filed 16 December 1976 in Superior Court, CAMDEN County. Heard in the Court of Appeals 29 September 1977.

Plaintiffs, maker and endorser of a $100,000 note payable to defendant bank in exchange for a deed of trust, sought to have a foreclosure sale conducted pursuant to default declared invalid. Plaintiffs contended that defendants had not met the requirements of G.S. 45-21.17 (1966 replacement) because they had not posted notice of the sale on the courthouse door within 30 days of the sale. The notice posted was dated 27 March 1975; the sale was held 23 April 1975 as specified in the notice. The deed of trust contained provision only for publication by newspaper, which defendants complied with. Plaintiffs further requested that all deeds made by the purchaser at the sale be declared void. Defendants answered and counterclaimed for deficiency judgment. Plaintiffs replied and moved for summary judgment, as did defendants. After considering the pleadings, the exhibits, admissions, and the affidavits, the court granted plaintiffs' motion for summary judgment. From this order defendants appeal.

*J. Kenyon Wilson, Jr. and M. H. Hood Ellis for plaintiff appellees.*

*White, Hall, Mullen & Brumsey by Gerald F. White and William Brumsey, III for defendant appellants.*

CLARK, Judge.

[1] Defendants first assign as error the trial judge's interpretation of G.S. 45-21.17 (1966 replacement). The statute reads in pertinent part:

> "(a) When the instrument pursuant to which a sale of real property is to be held contains provisions with respect to posting or publishing notice of sale of the real property,

such provisions shall be complied with, and compliance therewith is sufficient notice.

(b) When the instrument pursuant to which a sale of real property is to be held contains no provision with respect to posting or publishing notice of the sale of real property, the notice shall —

(1) Be posted, at the courthouse door in the county in which the property is situated, for thirty days immediately preceding the sale.

(2) And in addition thereto,

a. If a newspaper qualified for legal advertising is published in the county, the notice shall be published in such a newspaper once a week for at least four successive weeks; . . ."

Defendants argue that this should be interpreted so as to demand notice both by publication *and* by posting *only* when the deed of trust or other instrument makes no provision *either* for posting *or* publication. In other words, if the instrument provides *either* for posting or publication notice per the instrument's provision is sufficient. The double requirement of subsection (b) is not, in such case, reached. As the deed of trust in the instant case specified notice by publication and as defendants unarguably fulfilled that provision, defendants contend that additional notice by posting was not required. Defendants rely on *Huggins v. Dement*, 13 N.C. App. 673, 187 S.E. 2d 412 (1972), for the proposition that G.S. 45-21.17(b) applies when the parties make *no* provision for notice in the instrument.

The trial court adopted plaintiffs' interpretation that G.S. 45-21.17 read as a whole requires both publishing *and* posting for full notice and that, as the instrument did not specify posting, subsection (b) came into play and required posting. In other words, subsection (b) is triggered when either posting *or* publication is omitted from the instrument. Defendants' interpretation violates the accepted construction rule that corresponding sections of a statute be construed together and reconciled with each other when reasonably possible. *Board of Agriculture v. Drainage District*, 177 N.C. 222, 98 S.E. 597 (1919). *Huggins, supra*, is not controlling as the proposition defendants rely on is dicta. *Huggins*

dealt with an instrument that contained provisions for both posting and publishing. Finally, both the statutory provision for notice on resale, G.S. 45-21.29 current at the time of the contested statute, and the current G.S. 45-21.17, as amended in 1975, require both posting and publication. Minimum due process is the central concern in all the statutory provisions, and the legislature obviously intended to meet the due process requirement by demanding both forms of notice.

[2] However, although we agree with the trial court that plaintiffs' interpretation of the statutory notice requirement was correct as a matter of law, we find that the court erred in granting summary judgment for the plaintiffs. Rule 56 precludes summary judgment if there is presented a genuine issue of material fact. The defendants presented an affidavit of Lennie Hughes which tended to show that the notice defendants posted on the courthouse door, although dated 27 March, was actually posted six days earlier, thus meeting the statutory requirement of posting 30 days prior to sale.

Plaintiffs argue that the date on the face of the notice must control as a matter of law and rely on *Strickland v. Contractors, Inc.*, 22 N.C. App. 729, 207 S.E. 2d 399 (1974), which refused to permit a plaintiff to bring in proof that would change the date of "last furnishing" in the claim of lien filed so as to come within the statutory filing period of 120 days. See also *Builders, Inc. v. Bank*, 28 N.C. App. 80, 220 S.E. 2d 414 (1975). However, the statutory lien requirement, and the judicial decisions interpreting them, make clear their particular concern with preserving reliance on the public record. Indeed, G.S. 44A-12(d) precludes any amendment of a claim of lien. Such concern plays no part in the statutory or judicial dealings with the notice requirements in a foreclosure sale. As long as minimum due process is met, there is no reason to preclude proof that the date on the face of the notice was not the actual date of posting. It is clear that the time of sale in the posted notice is inviolate. *Ricks v. Brooks*, 179 N.C. 204, 102 S.E. 207 (1920). But technical defects that have not been shown to "chill" the sale have been held curable by affidavit or other proof. *Britt v. Britt*, 26 N.C. App. 132, 215 S.E. 2d 172, *cert. den.* 288 N.C. 238, 217 S.E. 2d 678 (1975), held that a foreclosure sale was not invalid because the notice of publication filed in the office of the clerk was invalid. Defendants were permitted to sup-

port their motion opposing plaintiffs' attempt to set aside the sale on summary judgment with the affidavit of a newspaper publisher that notice had actually been published.

The Hughes affidavit tended to show that the date (27 March 1975) on the posted notice must have been a clerical error, and that in fact the notice was posted six days before, on 21 March 1975. The purpose of the posting requirement is to give adequate notice. Plaintiffs' presence at the sale in the case *sub judice* is uncontested. The material issue of fact is whether the notice of sale was posted at the courthouse door for 30 days immediately preceding the sale as required by the then current G.S. 45-21.17. We find that summary judgment for plaintiffs was improvidently entered.

Reversed and remanded.

Judge MORRIS concurs.

Judge VAUGHN concurs in the result.

Judge VAUGHN concurring.

I agree that it was error to grant plaintiffs' motion for summary judgment. I also concur in the opinion of the majority that the Hughes affidavit raised a question of fact of whether the notice was posted at the courthouse for thirty days prior to the sale. I do not agree, however, with the majority's interpretation of G.S. 45-21.17 as it was written prior to the 1975 amendment. In my opinion, defendants are correct in their argument that they complied with the statute when they advertised in the newspaper according to the terms of the deed of trust.