McROY GORE, JR. v. JAMES E. HILL, TRUSTEE, UNITED CAROLINA BANK (WAC-
CAMAW BANK & TRUST COMPANY); ROLAND LENNON GORE  AND WIFE,
GWEN GORE; AND J. ROLAND GORE AND WIFE, VELMA J. GORE

No. 8013SC1073

(Filed 16 June 1981)

**Mortgages and Deeds of Trust § 41.1— foreclosure sale—improper post-
ponement—no standing by purchaser to assert invalidity of sale**

The purchaser of property at a foreclosure sale had no basis to claim that
the sale was invalid because the sale had been postponed for a period of time
in excess of the twenty days permitted by G.S. 45-21.21, since that statute pro-
vided procedural protections only for the mortgagor and did not provide pro-
tection for the purchaser.

APPEAL by plaintiff from *Britt, Judge.* Judgment entered 25
August 1980 in Superior Court, COLUMBUS County. Heard in the
Court of Appeals 5 May 1981.

Plaintiff instituted suit against the defendants to recover
damages he claimed he incurred when he purchased property at a
foreclosure sale. The sale was conducted under a power of sale by
defendant Hill, as substitute trustee, to foreclose a deed of trust
executed by the four defendants Gore to secure indebtedness to
United Carolina Bank (successor to Waccamaw Bank & Trust
Company and hereinafter referred to as "the Bank"). In his com-
plaint, plaintiff alleged that the property which he purchased at
the sale was described throughout the foreclosure proceedings as
being 253 acres less 125 acres which had already been conveyed.
When plaintiff attempted to sell the property, the prospective
purchaser, through is surveyor, discovered that there were only
48.40 acres, and the purchaser refused to close the purchase.
Plaintiff further complained that the advertised foreclosure sale
had been postponed for a period of time in excess of the twenty
days allowed under the provisions of G.S. § 45-21.21. Plaintiff
sought damages on the theory that the foreclosure was invalid

because the land had been improperly described, and because procedurally the sale was irregular.

Two of the defendants, Hill and the Bank, answered denying plaintiff's material allegations and asserting, among other things, that plaintiff was not one of the persons protected by North Carolina law relating to foreclosures and that he had the responsibility to discover any defect in the title to the foreclosure property. In their separate answer, the four defendants Gore disclaimed any liability to plaintiff with whom none of them had dealt.

After receiving the response of defendants Hill and the Bank to his request for admissions, plaintiff filed a motion for partial summary judgment on the issue of liability. Thereafter, defendants Hill and the Bank filed a motion for summary judgment. Both motions for summary judgment were heard together; plaintiff's motion was denied, and defendant's motion was allowed. Plaintiff appealed.

*McLean, Stacy, Henry & McLean, by Everett L. Henry, for plaintiff appellant.*

*C. Franklin Stanley, Jr., for defendant appellees.*

HEDRICK, Judge.

The sole question presented by this appeal is whether the trial court improperly denied plaintiff's motion for partial summary judgment and allowed defendants' motion for summary judgment. Plaintiff's only argument is that the facts as to liability were undisputed: the foreclosure sale had been postponed in a manner contrary to the provisions of G.S. § 45-21.21 and that the sale was, therefore, void.

Upon a motion for summary judgment, the duty of the trial court is not to resolve issues of fact but to determine whether there is a genuine issue of material fact which should be tried by the jury. *Lambert v. Duke Power Co.*, 32 N.C. App. 169, 231 S.E. 2d 31, *disc. review denied*, 292 N.C. 265, 233 S.E. 2d 392 (1977). The moving party must then make it clear that he is entitled to judgment as a matter of law. *Id.* The test for summary judgment is, therefore, twofold: Is there a genuine issue of material fact and

**Gore v. Hill**

is the moving party entitled to judgment as a matter of law? *See* G.S. § 1A-1, Rule 56(c).

The material facts in the case before us are not in dispute. Having determined this, as he did in his order, the trial judge then had to decide which party was entitled to judgment as a matter of law. We hold that he correctly concluded that summary judgment in favor of defendants was proper.

The power of sale by which defendant Hill, as substitute trustee, foreclosed the deed of trust was contained in the deed of trust itself which was executed by the mortgagors, the defendants Gore. The due process rights of the defendants Gore, to the extent that they may not have been afforded in the deed of trust, are set forth in G.S. § 45-21.16 *et seq. Realty Mortgage Co. v. Bank,* 34 N.C. App. 481, 238 S.E. 2d 622 (1977). The procedural requirements of notice and hearing are designed to assure mortgagors that property which they have used to secure an indebtedness will not be foreclosed without due process of law. One of the procedures which is designed for the protection of the mortgagor is the requirement, contained in G.S. § 45-21.21, that the trustee's postponement of the foreclosure sale not exceed twenty days, exclusive of Sundays, after the original date set for the sale and that notice of the specifics of the postponement be posted. Failure to conform to these requirements renders the foreclosure sale voidable at the option of the mortgagor.

Having concluded that G.S. § 45-21.21 provides procedural protections for a mortgagor, we hold that plaintiff herein, purchaser of the property, was not a party protected by G.S. § 45-21.21 and that he has no basis on which to assert that the sale was invalid because the sale was postponed in a manner not consistent with the statute. As purchaser of the property, plaintiff acted at his own risk and subject to the doctrine of *caveat emptor. Buckman v. Bragaw,* 192 N.C. 152, 134 S.E. 422 (1926). Defendants, therefore, were entitled to judgment as a matter of law.

Summary judgment for defendants is

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.