FRED W. MAUNEY v. JAMES H. MORRIS AND WIFE, DOROTHY W. MORRIS, MORRIS RENTALS, INC., A NORTH CAROLINA CORPORATION, AND MORRIS CASEWORKS, INC., A NORTH CAROLINA CORPORATION

No. 8426SC550

(Filed 19 March 1985)

1. **Appeal and Error § 6.7— denial of motion to amend complaint—right of imme-diate appeal**

    In an action in which plaintiff's original complaint sought to place an equitable lien on real property of defendants, the denial of plaintiff's motion to amend his complaint to enforce a claim of lien for labor and materials affected a substantial right and was immediately appealable. G.S. 1-277; G.S. 7A-27.

2. **Pleadings § 33.1; Rules of Civil Procedure § 15.1— denial of motion to amend complaint—new cause of action—statute of limitations expired**

    In an action in which plaintiff's original complaint sought to place an equitable lien on real property of defendants, an amendment of the complaint seeking to enforce a claim of lien for labor and materials would state a new related cause of action which would not relate back to the date of the original complaint, and the trial court properly denied plaintiff's motion to amend the complaint where the 180 day time limit of G.S. 44A-13 for instituting an action

to enforce a claim of lien for labor and materials had expired at the time the amendment was sought. G.S. 1A-1, Rule 15(a).

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 10 January 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 January 1985.

On 18 July 1983, plaintiff, Fred Mauney, filed a summons without a complaint along with a motion to extend time to file a complaint, which was granted. Plaintiff, on the same date, filed a Notice of Lis Pendens to have an equitable lien placed upon the real property of defendants, James and Dorothy Morris. Plaintiff filed a motion to amend the summons on 8 August 1983 to add Morris Caseworks, Inc. as a party defendant, which was granted by the Clerk of Superior Court.

Plaintiff then filed an unverified complaint on 8 August 1983 seeking recovery of damages, the establishment of an equitable lien, a judgment enforcing the equitable lien, an accounting by defendants, conveyance of outstanding shares of stock and payment of net revenues. Defendants filed a verified answer and counterclaim on 8 September 1983. Thereafter, on 12 September 1983, defendants filed a motion to strike the notice of lis pendens. The motion to strike was granted on 3 October 1983.

After the notice of lis pendens was cancelled, plaintiff filed, on 11 October 1983, a claim of lien in the amount of $27,950. On 8 December 1983, plaintiff sought to amend his complaint to state a claim against defendants for materials and labor furnished by him for improvements made to the real property, enforcement of the claim of lien and in quantum meruit for the reasonable value of the materials and labor provided. Plaintiff filed a reply to defendants' counterclaim on 16 December 1983.

The motion to amend the complaint was denied on 11 January 1984. From the denial of his motion to amend, plaintiff appeals.

*DeLaney, Millette & McKnight, P.A., by Steven A. Hockfield, for plaintiff appellant.*

*Joseph R. Cruciani, for defendant appellees.*

JOHNSON, Judge.

[1]  The initial question that must be addressed is whether appeal of the order denying plaintiff's motion to amend his complaint is premature. General Statutes 1-277 and 7A-27 in effect provide "that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment." (Citations omitted.) *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). An interlocutory order is one made "during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E. 2d 431, 433 (1980).

The order denying the motion to amend is interlocutory, for it does not determine the entire controversy and requires further action by the trial court. Ordinarily, an appeal from an interlocutory order will not be reviewed, unless it affects a substantial right and will work injury to the appellant if not corrected before appeal from final judgment. *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975).

We hold that a substantial right is involved here. Plaintiff's potential interest in this specific piece of real property could be severely diminished if he must wait until a final judgment is rendered to appeal the trial court's order. First, there is nothing to prevent defendants, equitable owners of the property, from disposing of the property or placing an encumbrance upon the property. Second, plaintiff would have no protection against anyone that has the right to attach or execute a judgment against the property. Plaintiff, if he must wait to appeal this order, must take subject to any encumbrance placed on the land. Third, interest in real property is to be afforded every possible protection, for it is unique and once it is lost there is no replacement. We hold that plaintiff has a right to have the order denying his motion to amend his complaint reviewed at this stage of the proceeding.

[2]  The question we are now confronted with is whether the trial court erred in denying plaintiff's motion to amend his complaint. Under G.S. 1A-1, Rule 15(a), amendment of a pleading after

a responsive pleading has been served is "only by leave of court or by written consent of the adverse party." Plaintiff's motion to amend was filed after the defendants had served their answer to the complaint, thus pursuant to Rule 15(a) plaintiff was required to seek court approval. It has repeatedly been held that a motion under Rule 15(a) for leave of court to amend a pleading is addressed to the sound discretion of the trial judge and the denial of such a motion is not reviewable absent a clear showing of an abuse of discretion. *Garage v. Holston*, 40 N.C. App. 400, 253 S.E. 2d 7 (1979).

In the case at bar, plaintiff filed a claim of lien for materials and labor furnished on 11 October 1983 as required by law. Claims of lien may be filed at any time after the maturity of the obligation secured thereby but not later than 120 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien. G.S. 44A-12. Plaintiff alleges that the labor and materials were last furnished on 15 June 1983, which is within the 120 days required by the statute. G.S. 44A-13 states that an action to enforce the lien may be instituted in any county in which the lien is filed, but no such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien. Plaintiff did not institute an action within the 180 day time limit, but instead seeks now to institute the required action by filing an amended complaint which he contends relates back to the date of the filing of the original complaint. By relating back to the date of the original complaint, plaintiff contends that the action would be instituted within the 180 day time limit.

Plaintiff, in his original complaint, alleged facts which stated a cause of action for an equitable lien. "An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is declared by a court of equity out of the general considerations of right and justice, as applied to the relations of the parties and the circumstances of their dealing." *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965). "The doctrine of 'equitable liens' was introduced for the sole purpose of furnishing a ground for the specific remedies which equity confers, operating upon particular identified property, instead of general pecuniary recoveries granted by courts of law." *Id.* In the absence of a contract an equitable lien most fre-

quently arises in cases where one person has wrongfully expended, for improvements on his property, the funds of another, but instances of this sort of lien are not confined to such cases. *Id.*

Plaintiff, in his amended complaint, seeks to allege facts which will state a related new cause of action for a materialmen's or laborers' lien. A materialmen's or laborers' lien arises pursuant to G.S. 44A-8. Any person who performs or furnishes labor or professional design or surveying services or furnishes materials pursuant to a contract, either expressed or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished pursuant to such contract. G.S. 44A-8.

Equitable liens and materialmen's or laborers' liens are separate and distinct causes of actions. An equitable lien is imposed by the courts to see that justice is done, while a materialmen's or laborers' lien is statutorily created. The allegations for a materialmen's or laborers' lien in the amended complaint appear to interject a wholly different cause of action. The materialmen's or laborers' lien is connected with the same subject matter (real property of defendants) as the original complaint, but new and additional facts are required for a just resolution of the issue. The amended complaint is related to the original complaint, as the subject matter is identical, but it states a new cause of action. When a related new cause of action is set up by amendment, the statute of limitations operates as of the time of the amendment and not the time of the institution of the action. *Lane v. Griswold*, 273 N.C. 1, 159 S.E. 2d 338 (1968); *Perkins v. Langdon*, 233 N.C. 240, 63 S.E. 2d 565 (1951); 10 Strong, N.C. Index 3d, Pleadings, sec. 35.1, p. 291. Thus, the amended complaint would not relate back to the date of the original complaint.

The trial court properly denied plaintiff's motion to amend on 11 January 1984. If the trial court had granted plaintiff's motion, the action to enforce the laborers' or materialmen's lien would have commenced as of that date. Plaintiff did not have a right to enforce the lien on 11 January 1984, for the action had to be instituted by 12 December 1983 to be within the 180 day time limit prescribed by law. A lien is lost if the steps required to perfect

it are not taken in the manner and within the time prescribed by law. *Strickland v. Contractors, Inc.*, 22 N.C. App. 729, 207 S.E. 2d 399 (1974).

In light of the statutory time limits, the trial court had no other alternative than to deny the motion to amend. If plaintiff's *motion to amend had been allowed, the effect would have been to* circumvent the statutes relating to filing and enforcement of laborers' or materialmen's lien.

We do not address plaintiff's second assignment of error that the trial court's findings of fact were not supported by the evidence in view of our holding that the court did not err in denying plaintiff's motion to amend his complaint.

The order of the trial court is

Affirmed.

Judges BECTON and MARTIN concur.